UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------x
DALERIE V. BEARD              :
2088 Lake Grove Lane          :
Crofton, MD 21114,            :
                              :   CIVIL ACTION NO.:
Individually, and on behalf of :
all others similarly situated, :
                              :
    *Plaintiff*,              :
                              :
        v.                    :   COMPLAINT:
                              :   JURY TRIAL DEMANDED
DISTRICT OF COLUMBIA HOUSING  :
AUTHORITY                     :
1133 North Capitol Street, N.E., Suite 210 :
Washington, D.C. 20002,       :
                              :
    *Defendant*.              :
---------------------------------------------------------------x

**COMPLAINT**

Plaintiff, DALERIE V. BEARD (hereinafter "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys Conwell, LLC, sues Defendant, DISTRICT OF COLUMBIA HOUSING AUTHORITY (hereinafter "DCHA" or "Defendant"), for unpaid wages, overtime wages and benefits payments under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and other claims as stated and the Plaintiff requests relief, and further states.

I. PARTIES

1. Plaintiff Dalerie V. Beard, residing at 2088 Lake Grove Lane, Crofton, Maryland 21114, worked for Defendant DCHA in the District of Columbia from on or about December 27, 2005 to on or about November 11, 2007 as a Supervisory Housing Program Specialist.

2. Defendant District of Columbia Housing Authority, an independent agency that manages and provides subsidized public housing for low-income, elderly, and disabled District residents, is

located in this jurisdiction with its principal address at 1133 North Capitol Street, N.E., Washington, D.C. 20002, and at all relevant times employed the Plaintiff and others similarly situated.

## II. JURISDICTION AND VENUE

3. Jurisdiction lies in this Court under 28 U.S.C. § 1331 as an action arising under the Constitution and laws of the United States of America.

4. Jurisdiction resides in this Court under the FLSA, 29 U.S.C. § 216(b).

5. Venue lies in this District as the principal place of business of the Defendant and the place where the wrongs alleged occurred.

## III. STATEMENT OF FACTS

6. Plaintiff Beard was continuously employed by Defendant DCHA as a Supervisory Housing Program Specialist from December 27, 2005, working out of their North Capitol Street offices, until Defendant terminated her employment on November 11, 2007. On the date of her termination, Plaintiff was a Supervisory Housing Program Specialist pay level DS-1101-14 working in a full time capacity and earning $86,972 per year.

7. At all times, Plaintiff worked in the Recertification Department/Housing Choice Voucher Program ("HCVP"). Plaintiff was a good, honorable and valued employee, who at all relevant times worked under general supervision.

8. Plaintiffs are "employees" within the meaning of the meaning of the FLSA.

9. Defendant is an "employer" within the meaning of the meaning of the FLSA.

10. Plaintiff was required to work overtime on a regular basis.

11. For at least one pay period ending on or about April 28, 2007, Plaintiff was paid for her overtime hours at the requisite rate of one and one-half times the regular rate at which she was employed.

12. Plaintiff's salary and duties establish that the employee is a nonexempt from the requirements of the FLSA regulations, 29 C.F.R. §541.2.

13. Plaintiff does not work in a bona fide executive, administrative or professional capacity as defined under Section 13 of the FLSA, 29 U.S.C. § 213(a)(1), 29 C.F.R. §541.100 *et seq.*, and is not exempt from the requirements of that Act.

14. Defendant required Plaintiff and others similarly situated to work substantial overtime hours for which they were not compensated.

15. Defendant promulgated one or more policies and sent out related communications pursuant to those policies against the dictates of the FLSA requiring payment of overtime.

16. A significant portion of the overtime work Plaintiff performed was similar or identical to that performed by co-workers at lower pay grades who were paid the requisite overtime for the same services.

17. On or about November 11, 2007 Plaintiff was terminated by the Defendant.

### Count I: Violation of the Fair Labor Standards Act, Failure to Pay Wages for All Hours Worked

18. Plaintiff incorporates by reference as though fully set forth herein all allegations contained in Paragraphs one (1) through seventeen (17).

19. Plaintiff Beard and similarly situated employees are protected by the FLSA.

20. Defendant had an obligation to pay Plaintiff for all hours worked at the overtime compensation rate of not less than one and one-half (1 ½) times the regular rate at which she is employed for each hour worked in excess of forty (40) hours per workweek. FLSA, 29 U.S.C. § 207(a).

21. During the time period from April to December 2006, Plaintiff worked an estimated average of forty-five (45) hours per week from Monday through Friday plus an estimated average of twelve (12) hours per weekend. Plaintiff's estimated overtime in this time period was therefore

3

seventeen (17) hours per week for thirty-two (32) weeks (for a total of 544 overtime hours) for which she was not compensated at one and one-half (1 ½) times the regular rate.

22. During the time period from January to November 2007, Plaintiff worked an estimated average of eighty (80) hours per week from Monday through Friday plus an estimated average of fourteen (14) hours per weekend. Plaintiff's estimated overtime in this time period was therefore fifty four (54) hours per week for thirty-five (35) weeks (for a total of 1890 overtime hours) for which she was not compensated at one and one-half (1 ½) times the regular rate.

23. During the time period from December 2005 to April 2006, under information and belief, Plaintiff worked overtime hours the number of hours yet to be determined for which she was not compensated at one and one-half (1 ½) times the regular rate.

24. Upon information and belief, over the last three (3) years, one or more other similarly situated hourly employees worked overtime hours for which they were not compensated at one and one-half (1 ½) times the regular rate.

25. Defendant is therefore liable to Plaintiff for compensatory damages in the amount of approximately one hundred five thousand eight hundred fifty four dollars ($105,854.00).

26. Defendant is therefore liable to all similarly situated Plaintiffs for compensatory damages in the amount of the unpaid overtime.

27. Upon information and belief, the Defendant did not seek any advice from counsel regarding the specific FLSA compliance issue in question.

28. Upon information and belief, the Defendant's acts and policies in violation of the FLSA were not performed or promulgated based on opinion letters from counsel.

29. Upon information and belief, the Defendant did not seek any advice from counsel regarding the specific FLSA compliance issue in question.

30. Defendant's actions in failing to pay wages for all hours worked were willful violations of

the FLSA.

31. Defendant is liable to Plaintiff for all "unpaid overtime compensation". 29 U.S.C. § 216(b).

32. Defendant is liable to Plaintiff for "an additional equal amount as liquidated damages" of one hundred five thousand eight hundred fifty four dollars ($105,854.00), for total compensatory and liquidated damages of two hundred eleven thousand seven hundred eight dollars ($211,708.00). 29 U.S.C. § 216(b).

33. Defendant is liable to each Plaintiff for pre- and post-judgment interest.

34. Defendant is liable to Plaintiff for "a reasonable attorney's fee to be paid by the defendant, and the costs of the action," the amount to be determined at the conclusion of the litigation. 29 U.S.C. § 216(b).

35. This Count should be designated as a collective action for all similarly situated employees to opt-in and for the required notice to be issued to the current and former employees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Honorable Court grant them the following relief:

A. Order the Defendant to pay to the Plaintiff and all similarly situated employees actual damages for failure to pay overtime wages; and

B. Order that Defendant be enjoined from any retaliation or from taking any adverse employment action against any Plaintiff, against any persons similarly situated, or any persons providing evidence in this matter, and

C. Award liquidated damages in the amount of the actual damages; and

D. Award reasonable attorneys' fees, costs and disbursements incurred herein; and

E. Grant the Plaintiffs such further relief as the Court deems just.

Respectfully submitted,

CONWELL, LLC

_____
Scott A. Conwell (D.C. Bar No. 468989)
scott@conwellusa.com

H. Robert Field (D.C. Bar No. 75739)
rfield@conwellusa.com
2138 Priest Bridge Court, Suite No. 4
Crofton, Maryland 21114
TELE: (410) 451-2707
FAX: (410) 451-2706

*Attorneys for Plaintiff*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Beard, Dalerie V.

## DEFENDANTS
District of Columbia Housing Authority

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Scott A. Conwell, Esq.
Conwell, LLC, 2138 Priest Bridge Court, Suite 4,
Crofton, Maryland 21114
410-451-2707

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff))
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 usc 201, FLSA unpaid wages and overtime

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☒ ACTION UNDER F.R.C.P. 23    DEMAND $ $211,708    Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 2/4/08    SIGNATURE OF ATTORNEY OF RECORD    *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.