UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DALERIE V. BEARD<br>2088 Lake Grove Lane<br>Crofton, MD 21114,<br><br>Individually, and on behalf of all others similarly situated,<br><br>    Plaintiff<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>HOUSING AUTHORITY<br>1133 N. Capitol St., N.E.,<br>Washington, D.C. 20002<br><br>    Defendant | Civil Action No. 1:08-cv-00202<br>Hon. Richard W. Roberts |

## DEFENDANT DISTRICT OF COLUMBIA HOUSING AUTHORITY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendant District of Columbia Housing Authority ("DCHA") by its attorneys, Hans Froelicher, IV, Nicole C. Mason, and Clifford E. Pulliam, respectfully moves this honorable Court to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure Rules 12(b)(6) and 56. A judgment on the pleadings is justified on the ground that Plaintiff has failed to state a claim upon which relief can be granted. As an alternative, DCHA moves this honorable Court to grant Summary Judgment pursuant to Federal Rules of Civil Procedure Rule 56 on the ground that there is no genuine issue as to any material fact that would entitle Plaintiff to relief and that DCHA is entitled to judgment as a matter of law.

Civil Action No. 1:08-cv-00202<br>Hon. RWR

Accordingly, DCHA directs this court to the memorandum of points and authorities in support of this motion.

Dated: March 5, 2008                           Respectfully Submitted,

_____
Hans Froelicher, IV, DC Bar No. 475506
Nicole C. Mason, DC Bar No. 464733
Clifford E. Pulliam, DC Bar No. 480016
Office of the General Counsel
District of Columbia Housing Authority
1133 North Capitol Street, NE, Suite #210
Washington, DC 20002
(202) 535-2835 (telephone)
(202) 535-2521 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DALERIE V. BEARD )
2088 Lake Grove Lane )
Crofton, MD 21114, )
)
Individually, and on behalf of all others )
similarly situated, )
)
      Plaintiff )    Civil Action No. 1:08-cv-00202
)    Hon. Richard W. Roberts
v. )
)
)
DISTRICT OF COLUMBIA )
HOUSING AUTHORITY )
1133 N. Capitol St., N.E., )
Washington, D.C. 20002 )
)
)
      Defendant )
)

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1. Ms. Dalerie Beard ("Plaintiff") was employed as Supervisory Housing Program Specialist in the Housing Choice Voucher Program ("HCVP") in the D.C. Housing Authority ("DCHA") from December 27, 2005 until her resignation on December 4, 2007.

2. Plaintiff's tenure with DCHA was ended by a General Release and Severance Agreement ("the Release") that was executed by her and by Michael P. Kelly, on behalf of DCHA on December 4, 2007.

3. Under the terms of the Release, Plaintiff waived and relinquished all claims relating to her employment at DCHA in exchange for her resignation and consideration in the form of a lump sum settlement payment of $7,247.67.

Civil Action No. 1:08-cv-00202<br>Hon. RWR

4. Pursuant to the Release, Plaintiff received and cashed a check dated December 5, 2007, in the amount of, $4,351.51 representing the agreed upon settlement payment of $7,247.67 to her less the required deductions for Federal and State income tax, Medicare and Social Security (See Exhibit 2) as agreed in the Release.

5. Plaintiff has not, as of the date of the filing of this motion, returned the payment that was made in consideration of the Release which is well beyond the revocation deadline (See Exhibit 1.).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DALERIE V. BEARD )
2088 Lake Grove Lane )
Crofton, MD 21114, )
 )
Individually, and on behalf of all others )
similarly situated, )
 )
    Plaintiff )
 )   Civil Action No. 1:08-cv-00202
 )   Hon. Richard W. Roberts
v. )
 )
DISTRICT OF COLUMBIA )
HOUSING AUTHORITY )
1133 N. Capitol St., N.E., )
Washington, D.C. 20002 )
 )
 )
    Defendant )
_____)

**MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF
DEFENDANT DISTRICT OF COLUMBIA HOUSING AUTHORITY'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR
SUMMARY JUDGMENT**

A.   **BACKGROUND**

Plaintiff Dalerie Beard, ("Plaintiff" or "Plaintiff"), at the time in question, was employed as a Supervisory Housing Program Specialist with the Housing Choice Voucher Program ("HCVP") of the D.C. Housing Authority ("DCHA"). Plaintiff filed this action alleging violation(s) of the Fair Labor Standards Act ("FLSA") based upon DCHA's failure to pay her overtime wages for all hours worked for the periods of December, 2005 through November, 2007.

Civil Action No. 1:08-cv-00202<br>Hon. RWR

**B.   ARGUMENT**

    **I.   STANDARD OF REVIEW**

This Honorable court is within its discretion to treat this motion either as a motion for judgment on the pleadings or as a summary judgment motion.[1] Federal Court Civil Rule 12 governs the standards for a judgment on the pleadings. In *Ramming v. U.S.*, the United States Court of Appeals for the Fifth Circuit held that

> Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. Fed.R.Civ.P. 12(b)(6). The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See also, Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir.1997).

*Ramming v. U.S.*, 281 F.3d 158 (5th Cir. 2001). Moreover, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Securities Inc.*, 94 F.3d 189, 194 (5th Cir.1996).

Plaintiff alleges that she was entitled to receive compensation for overtime hours that she worked during the course of her employment with DCHA. DCHA's defense to this claim, as set forth herein, is absolute. Consequently, Plaintiff can no set of facts which would entitle her to relief.

---

[1] "…the defendant's motion to dismiss may be treated as one for dismissal under Rule 12(b)(6) for failure to state a claim, or one for summary judgment under Rule 56(b)." *Samara v. U S*, 129 F.2d 594 (2nd Cir. 1942).

Civil Action No. 1:08-cv-00202<br>Hon. RWR

Federal Court Civil Rule 56 governs the standards for summary judgment. Under Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The U.S. Supreme court, in *Anderson v. Liberty Lobby, Inc.*, stated that:

> Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

For the reasons set forth herein, Plaintiff cannot successfully sustain the instant action against DCHA. Accordingly, DCHA's Motion must be granted by this Court and Plaintiff's Complaint must be dismissed with prejudice or in the alternative summary judgment be entered in DCHA's favor.

II. **PLAINTIFF'S CLAIM IS BARRED BY THE DOCTRINE OF ACCORD AND SATISFACTION.**

Under contract law, an accord and satisfaction is defined as follows:

> ...An accord is a contract under which an obligee promises to accept a stated performance in satisfaction of the obligor's existing duty. Performance of the accord discharges the original duty[2].

---

[2] Restatement (Second) of Contracts § 281 (1981).

3

In exchange for being allowed to resign her position rather than face termination, Plaintiff agreed to sign and to be bound by a General Release and Severance Agreement (the "Release") (Exhibit 1) releasing both parties from liability in connection with Plaintiff's employment with DCHA. Plaintiff agreed not to bring any actions against the DCHA for any potential claims that may have arisen in connection with Plaintiff's employment at DCHA. In consideration of the execution of the Release, Plaintiff was given a payment of $7,247.67 (Exhibit 2) that Plaintiff accepted and has not, as of the date of the filing of this motion, returned to DCHA.

The relevant language of the Release is as follows:

> In consideration of the promises and covenants by DCHA set forth herein, Beard agrees that she will and does, forever and irrevocably release and discharge DCHA, its Executive Director, successors, affiliates, officers, commissioners, employees, agents, assigns and representatives ("Releasees") from any and all grievances, claims, demands and liabilities whatsoever, whether the same be at law, in equity or mixed, in any way arising out of or relating to Beard's employment with and separation from DCHA and covenants not to make or file any lawsuits, complaints or other proceedings of any kind in any court, on behalf of himself (sic) or any other person, against Releasees. **_Beard expressly acknowledges that DCHA has discharged all obligations due her_**. (*emphasis added*).

In *Somervell v. Baxter Healthcare Corp.*, the Court held that, "[i]n general, a release is an ordinary contract ... In the District of Columbia, a valid release, like any other contract, requires consideration." *Somervell v. Baxter Healthcare Corp.*, 966 F.Supp. 18, 21 (D.D.C. 1997) (*citations omitted*). In *Wiggins v. Hitchens*, the Court further found that "[a] covenant not to sue is a contract under which one party promises never to sue the other party or third person to enforce a claim. The District of Columbia requires such contracts to be supported by consideration." *Wiggins v. Hitchens*, 853 F.Supp. 505, 514 (D.D.C. 1994).

Civil Action No. 1:08-cv-00202
Hon. RWR

Applying these principles, consideration in the case at bar took the form of a payment in the amount of $7,247.67. Plaintiff received and accepted said payment from DCHA, knowing that said payment was intended as consideration in connection with the Release. Plaintiff has retained said payment, indicating her intent to continue to be bound by said Release in exchange for her waiver of rights as described in the language above.

In *Laganas v. Installation Specialties, Inc.*, 291 A.2d 188 (D.C. 1972), a creditor endorsed and cashed a check from a debtor after having crossed out the debtor's written condition on the back of the check that the payment represented payment in full. The court ruled that irrespective of the creditor's attempt to alter the check physically to rebut the debtor's understanding that an accord and satisfaction would be achieved by the cashing of the check, the creditor's act of keeping the payment manifested accord and satisfaction as a matter of law, ruling that,

> The settled rule, established early in this jurisdiction, is that where a claim is unliquidated or under bona fide dispute the payment and acceptance of a lesser sum than claimed operates as an accord and satisfaction, the compromise being a good consideration for the concession made. It is essential, as the trial judge recognized, that there be a mutual agreement to accept a sum less than that demanded.

*Laganas v Installation Specialties, Inc.*, 291 A.2d at 188.

In addressing the issue of the apparent lack of mutual agreement as evidenced by the creditor crossing out the conditional language on the check prior to endorsing and cashing the check, the Court stated as follows:

> The creditor is therefore faced with the alternative of retaining the check in accordance with the debtor's terms or returning it unaccepted. He cannot reject the condition and accept the benefit. When the creditor endorses and cashes the check the intentions of the parties are in unison and the contract of accord and satisfaction becomes complete… It is no matter the appellee expressed protest before the check was tendered or that the parties came away from their meeting with contrary understandings for

5

> we hold as a matter of law, under the foregoing principles, that an accord and satisfaction occurred subsequently when appellee cashed the check.

*Laganas v Installation Specialties, Inc.*, 291 A.2d at 189.

In the case at bar, mutual assent was manifested by the Release, agreed upon and signed by both parties. Payment was made to Plaintiff within the designated timeframe. Plaintiff bound her self to the Release both by signing the Release and accepting and retaining the payment made to her by DCHA pursuant to the Release. The doctrine of Accord and satisfaction, applies to both the execution of the Release by the parties by which Plaintiff continues to be bound and to her acceptance and her retention of the $7,247.67. payment in connection thereto. Accord and satisfaction provides DCHA with an absolute defense to this case. As such, there is no genuine issue for which this case can proceed to trial. There is no testimony that Plaintiff, or anyone on her behalf can present before a jury that can overcome, in the eyes of any reasonable jury, the fact that Plaintiff had agreed to be bound by the Release, thereby reaching an Accord and satisfaction with DCHA. Accordingly, Plaintiff's instant action is barred by the doctrine of accord and satisfaction and Plaintiff cannot set forth any set of facts that entitle her to relief. Therefore, the instant Motion must be granted and Plaintiff's Complaint must be dismissed with prejudice.

C.  **CONCLUSION**

**WHEREFORE**, in light of the foregoing, the District of Columbia Housing Authority respectfully moves to dismiss Plaintiff's instant Complaint or, in the alternative, for summary judgment in this matter.

6

Civil Action No. 1:08-cv-00202
Hon. RWR

Dated: March 5, 2008

Respectfully Submitted,

_____
Hans Froelicher, IV, DC Bar No. 475506
Nicole C. Mason, DC Bar No. 464733
Clifford E. Pulliam, DC Bar No. 480016
Office of the General Counsel
District of Columbia Housing Authority
1133 North Capitol Street, NE, Suite #210
Washington, DC  20002
(202) 535-2835 (telephone)
(202) 535-2521 (facsimile)

Civil Action No. 1:08-cv-00202
Hon. RWR

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DALERIE V. BEARD )<br>2088 Lake Grove Lane )<br>Crofton, MD 21114, )<br>)<br>Individually, and on behalf of all others )<br>similarly situated, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>)<br>DISTRICT OF COLUMBIA )<br>HOUSING AUTHORITY )<br>1133 N. Capitol St., N.E., )<br>Washington, D.C. 20002 )<br>)<br>)<br>    Defendant )<br>_____ ) | Civil Action No. 1:08-cv-00202<br>Hon. Richard W. Roberts |

### ORDER

Upon consideration of the District of Columbia Housing Authority's Motion to Dismiss or, in the Alternative, for Summary Judgment, any opposition thereto, and the record herein, it is hereby this _____ day of _____, 2008,

ORDERED, that the Motion shall be and is hereby **GRANTED**, and it is further

ORDERED, that the Complaint in this matter be and is hereby **DISMISSED WITH PREJUDICE**.

ORDERED, that summary judgment be and hereby is entered in favor of the Defendant, District of Columbia Housing Authority.

_____
The Honorable Richard W. Roberts

Civil Action No. 1:08-cv-00202
Hon. RWR

Copies to:

Hans Froelicher, IV, Esq.
Nicole C. Mason, Esq.
Clifford E. Pulliam, Esq.
District of Columbia Housing Authority
1133 North Capitol Street, NE
Suite 210
Washington, DC  20002

Scott A. Conwell, Esq.
2138 Priest Bridge Court
Suite No. 4
Crofton, MD 21114

9

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Dismiss or, in the Alternative, for Summary Judgment was mailed first class, postage prepaid, on this 5th day of March, 2008 to the following:

_____
Hans Froelicher, IV

Scott A. Conwell, Esq.
2138 Priest Bridge Court
Suite No. 4
Crofton, MD 21114

## GENERAL RELEASE AND SEVERANCE AGREEMENT

This General Release and Severance Agreement ("Agreement") is made by and between the District of Columbia Housing Authority ("DCHA") and Dalerie V. ("Beard"), hereinafter collectively referred to as the "Parties."

**WHEREAS,** Beard is employed by DCHA as a Supervisory Housing Program Specialist (Grade 14) and serves at the pleasure of the Executive Director;

**WHEREAS,** the Parties have determined that it is in their mutual best interests to end the employer-employee relationship;

**WHEREAS,** the Parties now desire and agree to fully and finally resolve any and all existing or potential issues, claims, grievances and disputes relating to or arising out of Beard's employment and separation from DCHA;

**NOW THEREFORE,** in full and complete settlement of these matters and in consideration of the promises and covenants by Beard set forth herein, the Parties agree as follows:

Voluntary Resignation.

> Beard will voluntarily resign as Supervisory Housing Program Specialist in accordance with the letter attached hereto effective November 23, 2007.

DCHA Payment.

> DCHA agrees to pay to Beard those sums she is entitled to for salary through November 23, 2007 and accrued annual leave, if any. In addition, DCHA agrees to pay the gross sum of $7,247.67 within 30 days of November 23, 2007. This sum being the equivalent of 1/12th of her annual salary which DCHA is not otherwise obligated to pay Beard. By this payment, DCHA does not admit any liability or obligation to Beard. The payments herein will be subject to those deductions as required by law for Social Security taxes and all federal, state and municipal taxes.

Winding-up Cooperation.

> Beard agrees to fully cooperate with DCHA in all matters relating to the winding up of Beard's pending work on behalf of DCHA and its transfer to others.

Confidential Information and Communication.

Beard agrees she will not disclose any information or data concerning the business of DCHA disclosed to or acquired by her at any time during her employment at DCHA except as may be required by a court of competent jurisdiction. Furthermore, Beard agrees not to disclose her confidential communications with the employees, commissioners, representatives, or agents of DCHA, to any third parties, except as specifically authorized in writing by the Executive Director. Beard may reference her employment with and duties for DCHA in her resume and any future job application processes. In the event Beard receives a notice, summons, subpoena or other legal notice or process that may require disclosure of such information or data, she shall promptly notify the Office of the General Counsel of DCHA.

Agreement Confidential.

The Parties agree that the terms, provisions, and conditions of this Agreement and the negotiations in pursuance thereof are strictly confidential and shall not be disclosed, published or disseminated to any person or entity, except to attorneys, tax advisors and an immediate family relative, who also shall comply with the confidentiality obligation specified herein, or as required by law or by court order. The Parties further agree that a violation of the terms of this Paragraph is a material breach of this Agreement. In the event either Party receives a notice, summons, subpoena or other legal notice or process that may require disclosure of this Agreement or its contents, that Party shall promptly notify the other.

Non-disparagement.

The Parties agree that they have a continuing obligation not to willfully disparage, impugn or defame the reputation or character of each other, including, but not limited to, DCHA, its commissioners, successors, affiliates, officers, directors, and employees, in communications with third-parties of any kind, for any actions that were taken during the employment relationship.

Waiver and Release.

In consideration of the promises and covenants by DCHA set forth herein, Beard agrees that she will and does, forever and irrevocably release and discharge DCHA, its Executive Director, successors, affiliates, officers, commissioners, employees, agents, assigns and representatives ("Releasees") from any and all grievances, claims, demands, debts, defenses, actions or causes of action, obligations, damages and liabilities whatsoever, whether the same be at law, in equity or mixed, in any way arising out of or relating to Beard's employment with, and separation from

DCHA and covenants not to make or file any lawsuits, complaints, or other proceedings of any kind in any court, on behalf of himself or any other person, against Releasees. Beard expressly acknowledges that DCHA has discharged all obligations due her.

Binding Agreement.

The Parties agree that this Agreement shall be binding upon and inure to the benefit of the assigns, personal representatives, heirs, executors and administrators of Beard and the assigns, administrators, predecessors, affiliates, subsidiaries, officers, purchasers, agents, representatives, commissioners, and employees of DCHA. This Agreement contains and comprises the entire agreement and understanding of the Parties and that there are no additional promises or terms of the Agreement among the Parties other than those contained herein, and that this Agreement shall not be modified except in writing signed by each of the Parties hereto.

ADEA Waiver.

Beard acknowledges that the release of certain claims for age discrimination, including claims under the Age Discrimination in Employment Act ("ADEA"), are governed by provisions of the Older Workers Benefit Protection Act ("OWBPA"). Beard further acknowledges that she has been given not less than 21 days in which to consider this Agreement before signing it. Beard further acknowledges, understands, and agrees that, if she chooses to sign this Agreement, she does so voluntarily, willingly, and without coercion. Beard understands that if she elects to sign this Agreement prior to the expiration of 21 days she has irrevocably waived said period under the OWBPA.

Right to Revoke Agreement.

The Parties further recognize, acknowledge, and agree that this Agreement may be revoked by Beard within seven (7) days of her signing this Agreement. Any such revocation must be in writing and delivered by hand to Hans Froelicher, in his capacity as Acting General Counsel for DCHA, at 1133 N. Capitol St., N.E., Suite 210, Washington, D.C. 20002 before 5:00 p.m. on the seventh day after signing this Agreement. To the extent that any provision of this Agreement is determined to be in violation of the OWBPA, it should be severed from the Agreement or modified to comply with the OWBPA, without affecting the validity or enforceability any of the other terms or provisions of the Agreement.

Governing Law.

The Parties agree that this Agreement and the rights and obligations hereunder shall be governed by and construed in accordance with the laws of the District of Columbia.

Severability.

If any of the terms or provisions of this Agreement are found null and void or inoperative for any reason, the remaining provisions shall remain in full force and effect. The language in all parts of this Agreement shall in all cases be construed as a whole, according to its plain meaning, and not strictly for or against either of the Parties.

**IN WITNESS WHEREOF,** the parties have executed this Agreement on the dates indicated hereon.

_____          12/4/07
DALERIE V. BEARD                    DATE


District of Columbia Housing Authority

By: _____         12/4/07
MICHAEL KELLY                       DATE
EXECUTIVE DIRECTOR



EXHIBIT 2

**Earnings Statement**
Dalerie V. Beard
2088 Lake Grove Lane
Crofton, MD 21114

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A3R | 810 | 50-1 | 12/14/2007 | 12/08/2007 | 000098 | 127DC | 7,247.67 | 4,351.51 | 00008241 | Check | Yes |

| | | | |
|---|---|---|---|
| Severence Pay | | 0.00 | 7,247.67 |
| | | Gross Pay | $7,247.67 |

**Deductions**   Statutory

| | |
|---|---|
| Federal Income Tax | -1,811.92 |
| Medicare | -105.09 |
| Social Security | -449.35 |
| MD Worked In State Income Tax | -529.80 |

| | |
|---|---|
| Net Pay | $4,351.51 |

**Memos**

| | |
|---|---|
| Dc Retirement | 173.23 |

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER. THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW



**DISTRICT OF COLUMBIA HOUSING AUTHORITY**
1133 NORTH CAPITOL STREET, NORTHEAST
WASHINGTON, D.C. 20002-7599

00008241
15-7001/2540

Pay date: 12/5/2007
Social Security No. 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

Pay to the order of: DALERIE V. BEARD

This amount: FOUR THOUSAND THREE HUNDRED FIFTY ONE AND 51/100 DOLLARS    $4,351.51

Debra K. McDaniel
AUTHORIZED SIGNATURE

WACHOVIA
WACHOVIA BANK, NA

⑆00008241⑆ ⑈254070019⑈ 2079900104145⑆    ⑆0000435151⑆

031209730    FCU OF MD BR3 12/07/2007 →255876753←
COLLECTING BANK  4697T  M&T BANK BALT  12072007
SVC-971  12112007  07PK  652000113  P022
7315314817    5369890615

DB
554975

| Posting Date | Posting Account | Amount | Serial No. | Sequence No. | CD Volume |
|---|---|---|---|---|---|
| 12/11/2007 | 2079900104145 | $4351.51 | 8241 | 7315314817 | 20080107165001 |

Wachovia National Bank certifies that the above image is a true and exact copy of the original item issued by the named customer, and was produced from original data stored in the archives of Wachovia National Bank or its predecessors.