UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-----------------------------------------------------------x
DALERIE V. BEARD, et al.                :
                                        :    CIVIL ACTION NO.: RWR-08-0202
                Plaintiffs,             :
                                        :
        v.                              :
                                        :
DISTRICT OF COLUMBIA HOUSING            :
AUTHORITY                               :
                                        :
                Defendant.              :
-----------------------------------------------------------x
```

**PLAINTIFFS' REPLY MEMORANDUM IN OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA HOUSING AUTHORITY'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant District of Columbia Housing Authority (hereinafter "Defendant" or "DCHA") has moved to dismiss or in the alternative for summary judgment on Plaintiffs' Fair Labor Standards Act ("FLSA") claim for unpaid wages and overtime based solely upon a "release" purportedly executed by the named Plaintiff, Delarie V. Beard (hereinafter "Plaintiff" or "Beard") on December 4, 2007.  (Paper No. 2).  Plaintiff Beard strongly disagrees with each of the four "uncontested facts" which are neither uncontested nor accurate.  Notably, as discussed *infra* in Section II, Defendants failed to inform the Court regarding their receipt of ***Exhibits (1)*** and ***(2)***, which terminated any such "release" during the option period in the manner set forth in the document itself, which terms were unilaterally drafted and imposed on Plaintiff by the Defendants themselves.

Importantly, as discussed *infra* in Section I, as a matter of law and public policy, any such "release" is null and void and the so-called release would have been ineffective and inapplicable to release the FLSA unpaid wages, overtime and liquidated damages claimed by Plaintiff Beard and other similarly situated employees.

Plaintiff Beard through undersigned counsel has filed the instant case as a collective action on behalf of other similarly situated employees. Although the "release" does not apply to Plaintiff Beard, Plaintiffs agree with Defendants with the undisputed fact that one or more other similarly situated employees has signed such a document and did not terminate the document during the option period. Plaintiffs have therefore filed this Cross Motion for Partial Summary Judgment requesting that the Court hold that the "release" provided by Defendants as Paper 2-2 or other similar document is ineffective and inapplicable to release the FLSA unpaid wages, overtime and liquidated damages claimed by Plaintiff Beard or similarly situated Plaintiffs.

I. **Defendant's "Release" Is Ineffective and Inapplicable to Release FLSA Unpaid Wage, Overtime and Liquidated Damages Claims**

It is as well settled in the law as any proposition can be, that private settlement agreements of FLSA cases are void *ab initio* as against public policy-and have been for over 60 years:

> The writs of certiorari granted in these three cases present questions as to the interpretation of Section 16(b) of the **Fair Labor Standards Act** of 1938, 52 Stat. 1060, at 1069, 29 U.S.C.A. § 216(b), which provides that an employer who violates the minimum wage and maximum hour provisions of the Act '* * * shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.
> . . . .
> [W]e granted certiorari limited to the question of whether the respondent's release of all further claims and damages under the Act, given at the time he received payment of the overtime compensation due under the Act, is a defense to an action subsequently brought solely to recover liquidated damages.
> . . . .
> It has been held in this and other courts that a statutory right conferred on a private party, but affecting the public interest, may not be waived or released if such waiver or release contravenes the statutory policy. *Midstate Horticultural Co. v. Pennsylvania Railroad Co.*, 320 U.S. 356, 361, 64 S.Ct. 128, 130, 88 L.Ed. 96; *A. J. Phillips Co. v. Grand Trunk Western Ry.*, 236 U.S. 662, 667, 35 S.Ct. 444, 446, 59 L.Ed. 774. Cf. *Young v. Higbee Company*, 324 U.S. 204, 65 S.Ct. 594. Where a private right is granted in the public interest to effectuate a legislative policy, waiver of a right so charged or colored with the public interest will not be allowed where it would thwart the legislative policy which it was designed to effectuate.

2

> . . . .
> **No one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the Act. We are of the opinion that the same policy considerations which forbid waiver of basic minimum and overtime wages under the Act also prohibit waiver of the employee's right to liquidated damages.**

*Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 698-701, 704 (1945)(emphasis added). *See also Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728 (1981) (holding that collective-bargaining agreements and contractual dispute-resolution procedures do not bar an employee's claim arising out of the "FLSA, [which is] designed to provide minimum substantive guarantees to individual workers."); *D. A. Schulte, Inc. v. Gangi,* 328 U.S. 108, 112, 115-16 (1946) (affirming a Circuit Court that had reversed a District Court's finding of a "good accord and satisfaction and release of all claims . . . because there was a bona fide settlement of a bona fide dispute" with the Supreme Court reasoning that "The reasons which lead us to conclude that compromises of real disputes over coverage which do not require the payment in full of unpaid wages and liquidated damages do not differ greatly from those which led us to condemn the waivers of liquidated damages in the O'Neil case."  The Supreme Court determined that "Congress adopted a mandatory requirement that the employer pay a sum in liquidated damages equal to the unpaid wages so as to compensate the injured employee for retention of his pay." ); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (Easterbrook, CJ) ("**Ordinarily** there would be no need for a statute allowing settlement of a dispute between employer and employees--people may resolve their own affairs, and **an accord and satisfaction bars a later suit**. Yet the Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, **it is necessary to ban private settlements of disputes about pay**. Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages. Courts therefore have refused to enforce wholly private settlements.")(emphasis added).

In the instant case, Defendant's counsel has simply and inexplicably ignored black letter law and numerous precedents applicable directly to the validity of employee releases and waivers of their rights under FLSA. Not a single one of the cases cited by the Defendant involves the waiver of statutorily created rights, much less rights created under the FLSA. Defendant's failure to cite directly relevant and controlling Supreme Court decisions and multiple relevant Circuit Court decisions clearly indicates their anxiety as to their liability under the FLSA. Therefore, this Court should determine that the "release" provided by the Defendant as Paper 2-2 or other similar document is ineffective and inapplicable to release the FLSA unpaid wages, overtime and liquidated damages claimed by Plaintiff Beard and other similarly situated employees.

## II.     The "Release" Was Terminated, Revoked, and Otherwise Invalid

**A.     Even If The Defendant's "Release" Were Not Against Public Policy, Plaintiff Beard Terminated The Release Within The Option Period By Precisely Following The Procedure Set Forth By the Defendant In The Release Itself—And The Release Was Therefore Null And Void As To Plaintiff Beard**

The Release relied upon by Defendant as provided at Paper No. 2-2 contains the following clause:

> Right to Revoke Agreement.
>
> The Parties further recognize, acknowledge and agree that this Agreement may be revoked by Beard within seven (7) days of her signing this Agreement. Any such revocation must be in writing and delivered by hand to Hans Froelicher, in his capacity as Acting General Counsel for DCHA, at 1133 N. Capitol St., N.E., Suite 210, Washington D.C. 20002 before 5:00 pm on the seventh day after signing this Agreement.

Paper No. 2-2 at p. 3.

In the statement of undisputed facts provided by the DCHA General Counsel, Defendants somehow failed to inform this Court of the undisputed fact that it had received the documents at ***Exhibits (1)*** and ***(2)*** that terminated and revoked any such document on its own terms. ***Exhibits***

4

*(1)* and *(2)* bear the stamp from DCHA Office of the General Counsel showing that the Agreement was revoked by Beard in writing within seven (7) days of her signing this Agreement in strict conformity with all of the requirements of the above quoted paragraph as indicated on the face of the document.  IN DRAFTING THIS AGREEMENT, DEFENDANTS SET FORTH NO FURTHER REQUIREMENTS.[1]

The release is therefore null and void, the Plaintiff having taken all of the required steps to terminate it. Defendant has, at most, a claim for $4,351.51 to set off against the more than hundred thousands of dollars of unpaid overtime and liquidated damages.  At best, Defendant has repaid a very small portion of the sums which it illegally withheld from Plaintiff's paycheck.

To repeat, however, all of this is really surplus to the primary issues in this case because the settled law is that even if such a release were precisely drafted to be otherwise fully effective, the settled law from the highest court makes it void as against public policy.

### B.    The "Release" Did Not Include Any Implied Or Unexpressed Terms As the Release Is Interpreted Against the Drafter

Defendant cites a couple black letter law cases, already addressed and clearly inapplicable to FLSA matters, and the case of *Laganas v. Installation Specialties, Inc.,* 291 A.2d 188 (D.C. 1972).  Defendants cite *Laganas*, a D.C. Superior Court case, in describing a situation where a "creditor's attempt to alter the [settlement] check physically to rebut the debtor's understanding that an accord and satisfaction would be achieved by the cashing of the check, [and] the creditor's act of keeping the payment manifested accord and satisfaction as a matter of law." Defendant's Motion to Dismiss, Paper No. 2, at p. 5.

In additional to all of the obvious factually distinguishing factors,[2] Defendants are attempting to make the argument that there was some additional implied term for Plaintiff Beard

---

1. *See* discussion *infra* addressing implied and additional terms to the Agreement.
2 In the instant case, it is the Defendant DCHA that is the debtor; it is the debtor that mandated the terms

5

to revoke the Agreement involving returning certain monies or some other requirement. Defendant drafted this document and could easily have included the requirement that the check or money be returned and it choose not to. Alternatively, Defendant could have withheld the money until the option period expired.

The "release" relied upon by Defendant was not a negotiated instrument. Instead it was drafted by Defendant and given to Plaintiff after abruptly terminating her employment without cause without warning on a take it or leave it basis with the threat that she would receive no payments at all if she did not sign it. Therefore, under basic contractual principles, the contract terms are to be construed strictly against the drafter and the meaning should first be determined within the four corners of the document. Only if the document is ambiguous may the parties go outside of the document itself. Since the Defendant was the drafter in a contract of adhesion, all ambiguities must be construed against it. Thus, as a matter of common sense and as a matter of contract drafting black letter law, there can be no implied or additional terms. There was simply no additional unexpressed requirement that met the Defendant's subjective and unexpressed intentions and thus the Agreement was null and void under its terms.

C. **The "Release" Is Further Ineffective To Release The Defendant From Liability For Unpaid Overtime And Liquidated Damages Because The Plaintiff Could Not "Voluntarily and Knowingly" Release A Debt Which Was Never Mentioned Or Described In The Release**

It is well settled that any release of federally granted employment rights must be "voluntary and knowing" and the "agreement is more then mere acceptance of funds". *Dent v. Cox Communications Las Vegas, Inc.,* 502 F.3d 1141, 1146 (9th Cir. 2007). "Where notice is lacking, meaningful agreement—and thus valid waiver—cannot be found. *Id*.; *see also Walton*

---

of what it calls a "release"; and the term in the Agreement regarding the "Right to Revoke Agreement" set by the debtor DCHA were fully complied with by the Plaintiff. In the instant case, the manner and procedure for accepting and refusing the "release" were specifically set forth in the Agreement itself and were strictly followed by the Plaintiff. No condition was placed on the check itself and the only limitations found in the Agreement were strictly followed.

*v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir. 1986)(*en banc*); *c.f., Coventry v. United States Steel Corp.*, 856 F.2d 514, 515 (3rd Cir. 1988) (addressing a case involving the Age Discrimination in Employment Act (ADEA), "[W]e hold that the circumstances under which Appellant signed the release form do not evidence the requisite knowledge by the Appellant to constitute a knowing and willful waiver of his claims."); *but see Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728 (1981) (holding that even "employees [who] knowingly and voluntarily submit their grievances to arbitration under the terms of the agreement" are not barred from asserting FLSA statutory wage claims).

In the "release" drafted by and imposed on Plaintiff by the Defendant, there is no specific mention anywhere of a specific amount of unpaid wages and overtime claims which the Defendant well knew were owed to Plaintiff or even any notice at all that such wages under the FLSA might be available. Furthermore, the amount owed was due and owing by the time of the first paycheck after the hours were worked and the amount of this debt was fixed based upon the salary and the hours worked, both of which were recorded in Defendant's time record. Therefore this was a liquidated damages debt and, even if the Defendants were to attempt to ignore the FLSA caselaw, a full description of the debt should have been specifically recited had Defendant desired to draft an effective release.

### III.   Conclusion

For the foregoing reasons, Plaintiff's Cross Motion for Partial Summary Judgment should be granted, and Defendant's Motion to Dismiss and/for Summary Judgment should be denied.

        Respectfully submitted,

        CONWELL, LLC


        \_\_/s/_____
        Scott A. Conwell (D.C. Bar No. 468989)

        H. Robert Field (D.C. Bar No. 75739)
        2138 Priest Bridge Court, Suite No. 4
        Crofton, Maryland 21114
        TELE: (410) 451-2707
        FAX: (410) 451-2706
        Email: scott@conwellusa.com

        *Attorneys for Plaintiffs*

Dated: March 13, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this \_13th\_ day of \_March\_, 2008, a true and correct copy of the foregoing Plaintiffs' Reply Memorandum In Opposition To Defendant District Of Columbia Housing Authority's Motion To Dismiss Or In The Alternative Motion For Summary Judgment And Plaintiffs' Cross Motion For Partial Summary Judgment was served via ECF on the following counsel of record:

        Hans Froelicher, IV
        Nicole C. Mason
        Clifford E. Pulliam
        Office of General Counsel
        District of Columbia Housing Authority
        1133 North Capitol St., N.E., Suite 210
        Washington, DC 20002


        \_\_\_/s/_____
        Scott A. Conwell

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------x
DALERIE V. BEARD, *et al*.          :
                                    :  CIVIL ACTION NO.: RWR-08-0202
      *Plaintiffs*,             :
                                    :
   v.                           :
                                    :
DISTRICT OF COLUMBIA HOUSING        :
AUTHORITY                           :
                                    :
      *Defendant*.             :
---------------------------------------------------------x

## **ORDER**

Upon consideration of Plaintiff's Cross Motion for Partial Summary Judgment and Defendants' Opposition thereto, and for good cause shown, it is this ____ day of _____, 2008, by the United States District Court for the District of Columbia,

ORDERED, that the Plaintiffs' Cross Motion for Partial Summary Judgment is GRANTED, and it is further

ORDERED, that the Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment is DENIED, and it is further

ORDERED, that the "release" provided by Defendants as Paper 2-2 or other similar document does not release the FLSA unpaid wages, overtime and liquidated damages claimed by Plaintiff Beard or similarly situated Plaintiffs.

 

                                                                                                                   _____
                                                                                                                   Richard W. Roberts
                                                                                                                   United States District Judge

REVOCATION AND APPOINTMENT OF ATTORNEYS

      I hereby revoke the "General Release and Severance Agreement" I signed on December 4, 2007, effective immediately.

      I hereby appoint as counsel Conwell, LLC as my attorneys in representing me in this matter or any related matter. Conwell, LLC may be contacted through Scott A. Conwell, Esq., Conwell, LLC, 2138 Priest Bridge Court, Suite 4, Crofton, Maryland 21114, phone (410) 451-2707, FAX (410) 451-2706, and email scott@conwellusa.com.

      IN WITNESS WHEREOF, I hereby execute this revocation and appointment of counsel.

_____        12/11/07
DALERIE V. BEARD                DATE

**CONWELL, LLC**
ATTORNEYS AT LAW

2138 Priest Bridge Court
Suite No. 4
Crofton, MD 21114
Phone: 410.451.2707
Fax: 410.451.2706
www.conwellusa.com

**Scott A. Conwell**
Attorney at Law
scott@conwellusa.com
Direct Phone: 410-451-2707

Scott A. Conwell, Esq.
Managing Member (MD, DC)

H. Robert Field, Esq.
Of Counsel (MD, DC, USPTO)

John S. Nargiso, Esq.
Of Counsel (DC)

Mary Beth Tung, Ph.D.
Patent Agent, IP Manager
(Practice Limited to USPTO)

11 December 2007

**BY HAND DELIVERY**
Mr. Hans Froelicher
Acting General Counsel
District of Columbia Housing Authority
1133 N. Capitol St., N.E., Suite 210
Washington, DC 20002

Re: **Dalerie V. Beard Employment**

Dear Mr. Hans Froelicher:

Ms. Dalerie V. Beard has appointed my firm to represent her with regard to any matters related to her employment with the District of Columbia Housing Authority. Our initial review indicates that there may be significant problems with regard to the amount paid to her for overtime as well as numerous other employment problems.

We are available over the next week should you wish to contact us regarding any resolution of these or other employment issues. I can be reached at the number and address above. If we have not heard from you by the close of business on December 18, 2007, then we will address these issues with you in our courts. Thank you and I look forward to speaking with you.

Sincerely,

*[signature]*

Scott A. Conwell

*[Stamp: DC HOUSING AUTHORITY OFFICE OF THE GENERAL COUNSEL  2007 DEC 11 PM 3: 21]*

---

Litigation in Federal & State Courts ★ Contracts ★ Small Business ★ Franchises
Intellectual Property: Patents ★ Trademarks ★ Copyrights ★ Trade Secrets
Employment Law / Wages ★ Workers' Comp ★ International ★ Immigration
Homeland Security ★ Computers / Internet ★ Biotech ★ Security Clearances