UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DALERIE V. BEARD**<br>**2088 Lake Grove Lane**<br>**Crofton, MD 21114,**<br><br>**Individually, and on behalf of all others**<br>**similarly situated,**<br><br>      **Plaintiff**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA**<br>**HOUSING AUTHORITY**<br>**1133 N. Capitol St., N.E.,**<br>**Washington, D.C. 20002**<br><br>      **Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No. 1:08-cv-00202**<br>**Hon. Richard W. Roberts** |

**DEFENDANT DISTRICT OF COLUMBIA HOUSING AUTHORITY'S
OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY
JUDGMENT**

Defendant District of Columbia Housing Authority ("DCHA") by its attorneys,

Hans Froelicher, IV, Nicole C. Mason, and Clifford E. Pulliam, respectfully files this

Opposition to Plaintiff's Cross Motion for Partial Summary Judgment pursuant to LCvR

7(b)[1].

---

[1]    DCHA notes that Plaintiff has styled its pleadings thus far in the nature of a class action and continues to refer to "Plaintiffs" although only one plaintiff, Ms. Beard has been named, and the pleadings reference the filings on behalf of Ms. Beard and "other similarly situated employees". DCHA notes for the Court that if Plaintiff intended to indeed file a class action, the Complaint in this matter is facially deficient under the requirements of LCvR 23.1 in that it neither references Federal Rule of Civil Procedure 23 nor contains allegations justifying the class status. *See* LCvR 23.1. Moreover, DCHA would submit, that class action status would be substantively inappropriate in this instance as, under FRCP 23(a), one of the prerequisites to maintaining a class action is that "the class is so numerous that joinder of all members is impracticable". FRCP 23(a)(1). Simply, Plaintiff has made no allegation, let alone showing that joinder of all parties is impracticable in this matter.

I.    **PLAINTIFF'S CLAIM IS BARRED BY THE DOCTRINE OF ACCORD AND SATISFACTION.**

    A.    **PLAINTIFF WAS AN ADMINISTRATIVE EMPLOYEE AND, THEREFORE, EXEMPT FROM THE OVERTIME REQUIREMENTS OF THE FLSA.**

The lynchpin of Plaintiff's claim, as well as that of her Cross Motion for Summary Judgment is the assumption that Plaintiff was entitled to receive the overtime payments that were allegedly wrongfully withheld by DCHA.    This is an invalid assumption.  Plaintiff's public policy argument that a statutory right cannot be contracted away by accord and satisfaction would be supported by the cases that she cited but for the fact that Plaintiff was not entitled to the purported statutory right that she claims to have contracted away when she agreed to the release.

Despite Plaintiff's claim to the contrary, DCHA's *Laganas*[2] argument is appropriate in this case and merits reiteration.  Plaintiff, at the moment that the release consideration payment was accepted, as well as at the time said payment was retained, even after her purported withdrawal of her voluntary resignation, was bound, and continued to be bound by the agreement for as long as she remained in possession of the benefit, i.e., the payment.  As was stated in Laganas, and quoted in DCHA's motion to dismiss;

> The creditor is therefore faced with the alternative of retaining the check in accordance with the debtor's terms or returning it unaccepted. **He cannot reject the condition and accept the benefit. When the creditor endorses and cashes the check the intentions of the parties are in unison and the contract of accord and satisfaction becomes complete...**(emphasis added). It is no matter the appellee expressed protest before the check was tendered or that the parties came away from

---

[2] *Laganas v Installation Specialties, Inc.*, 291 A.2d at 188.

their meeting with contrary understandings for we hold as a matter of law, under the foregoing principles, that **an accord and satisfaction occurred subsequently when appellee cashed the check.** (emphasis added)

*Laganas v Installation Specialties, Inc.*, *291 A.2d at 189*

Plaintiff's assertion that the consideration payment that she accepted and retained in exchange for her agreeing to be bound by what was intended by the parties to be a general, i.e., global release of all claims, should now be offset against her desired compensation for further claims against DCHA, particularly those to which she is clearly not entitled, is not only without merit, it is completely counter to the agreement that she agreed to by accepting and retaining the payment in question.

It is disingenuous for Plaintiff to now assert that since the general release did not specifically require that she return the consideration that, by law, formed mutual accord and satisfaction, the attempted withdrawal of her agreement should now be honored, and the release agreement and the accord and satisfaction that supported it should now be ignored even after she has retained the consideration that, by law, created the accord and satisfaction.

Plaintiff attempts to argue that her claim in this matter is not barred by the doctrine of accord and satisfaction because the Release she signed was against public policy as to any claims she had for unpaid wages under the Federal Labor Standards Act ("FLSA"). Plaintiff, however, was an administrative employee and, therefore, exempt from the overtime wage requirements of the FLSA. Simply, Plaintiff was not entitled to any overtime wages under the provisions of the FLSA and, therefore had no claims to such wages under that statute at the time she signed the Release. As such, the Release was effective and was not void *ab initio* as against public policy as asserted by Plaintiff.

3

In her Complaint, Plaintiff claims entitlement to overtime payments for her entire tenure with DCHA under the provisions of the FLSA.  Section 13(a)(1) of the FLSA provides an exemption from both minimum wage and overtime pay requirements for employees employed as bona fide administrative employees.  *See* 29 C.F.R. Part 541.  To qualify for such an exemption, the employee must meet certain tests concerning their job duties and be paid on a salary basis at not less than $455 per week.  *See id.*.  In the instant matter, Plaintiff's position as a Supervisory Housing Program Specialist satisfies the requirements for an administrative employee and, as such, she would be exempt from the overtime wage requirements of the FLSA.

> **1.    Plaintiff is an Administrative Employee and, therefore, Exempt from the Overtime Wage Requirements set forth in the FLSA.**

To qualify for the administrative employee exemption, Plaintiff must meet the following criteria:

o    Plaintiff must be compensated on a salary basis[3] at a rate of not less than $455 per week;

o    Plaintiff's primary duty[4] must be the performance of office or non-manual work directly related to the management or general business operations of DCHA or DCHA's customers; and

---

[3]    "An employee will be considered to be paid on a 'salary basis' within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed."  29 C.F.R. § 541.602(a).

[4]    "The term 'primary duty' means the principal, main, major or most important duty that the employee performs."  29 C.F.R. § 541.700(a).

4

o    Plaintiff's primary duty includes the exercise of discretion and
independent judgment with respect to matters of significance.

*See* 29 C.F.R. § 541.200; *see also Robinson-Smith v. Government Employees Insurance Co.,* 323 F.Supp.2d 12 (D.D.C. 2004).

The burden of proving that Plaintiff meets these tests and, thus, is exempt from the FLSA's overtime requirements falls upon DCHA's shoulders. *See, e.g., Corning Glass Works v. Brennan,* 417 U.S. 188 (1974); *see also Roney v. United States,* 790 F.Supp. 23, 26 (D.D.C. 1992). Moreover, the above-enumerated tests are somewhat flexible in that, time is not the sole determining factor and "an employee can be considered administrative if certain considerations – such as 'the relative importance of the managerial duties, the frequency with which the employee exercises discretionary powers, [and] his relative freedom from supervision' – support such a conclusion." *Rainey v. American Florist and Paper Association, Inc.,* 26 F.Supp.2d 82, 87-88 (D.D.C. 1998) (*citing* 29 C.F.R. § 541.103).

### a.    Salary Basis

By the terms of her job description attached hereto as Exhibit A, Plaintiff qualifies as an administrative employee and is, therefore, exempt from the overtime wage requirements of the FLSA. Plaintiff was compensated on a salary basis. As evidenced by the payroll records attached hereto as Exhibits B - D, Plaintiff was paid a bi-weekly, with each such payment being regular and "not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). Specifically, for the period of January 21 through March 10, 2006, Plaintiff was paid a salary in the

gross amount of $2,588.54 every two weeks.[5]  *See* Exhibit B.  After her position was

upgraded from a Grade 13 to a Grade 14 in March, 2006, Plaintiff was paid a salary in the

gross amount of $3,154.10 every two weeks from March 18 through December 15, 2006.

*See* Exhibit C.  Thereafter, until she left DCHA's employ in mid-November, 2007,

Plaintiff was paid a salary in the gross amount of $3,345.09 every two weeks.  *See*

Exhibit D.  At the time of her separation from DCHA's employ, Plaintiff's annual

compensation was $86,972.  Although salary is not determinative of whether Plaintiff is

exempt for purposes of the FLSA's overtime requirements, "the 'FLSA was meant to

protect low paid rank and file employees' and that '[h]igher earning employees . . . are

more likely to be bona fide managerial employees.'"  *Darveau v. Detecon, Inc.,* ___ F.3d

___ (4th Cir. 2008); 2008 WL 256583 (C.A.4 (Va.)), 13 Wage & Hour Cas.2d (BNA) 375

(January 31, 2008) (*citing Counts v. S.C. Electric & Gas Co.,* 317 F.3d 453, 456 (4th Cir.

2003)).  Accordingly, there is no question that Plaintiff was compensated on a salary

basis.

### b.    Primary Duty Directly Related to Management or General Business Operations

Plaintiff's primary duty was the performance of office or non-manual work

directly related to the management or general business operations of DCHA or DCHA's

customers.  DCHA is responsible for a number of programs serving the needs of low and

---

[5]     The fact that Plaintiff's payroll records reflect an hourly allocation of time for which Plaintiff was paid for each relevant pay period does not destroy the fact that she was compensated on a salary basis. *See* 29 C.F.R. §710(a) (Plaintiff was "paid according to a pay system established . . . by a policy or practice [of DCHA] established pursuant to principles of public accountability, under which [Plaintiff] accrue[d] personal leave and sick leave and which require[d] [Plaintiff's] pay to be reduced or [Plaintiff to be] placed on leave without pay for absences for personal reasons or because of illness or injury of less than one work-day when accrued leave [was] not used by [Plaintiff] because: (1) Permission for its use ha[d] not been sought or ha[d] been sought and denied; (2) Accrued leave ha[d] been exhausted; or (3) [Plaintiff] choose[] to use leave without pay.")

moderate-income families and individuals in the District of Columbia. *See, e.g.,* D.C.

Code 6-202 (2001 ed.). One of the most prevalent of these programs is the Housing

Choice Voucher Program ("HCVP") (formerly known as the Section 8 Program) under

which participants are provided with housing vouchers that they use to secure housing

with participating, private landlords. As of October 10, 2007, the HCVP included

approximately 10,424 participants. Under the HCVP, each participant must annually

recertify with DCHA, providing all income and employment information, so that DCHA

can annually reassess the participant's entitlement to continued participation in the

HCVP, as well as the amount of the rent subsidy to be paid on behalf of the participant.

Plaintiff was a supervisor within the HCVP unit.

Plaintiff's job charged her with supervising a portion (approximately half) of the

recertification specialists (the individuals responsible for reviewing and processing

participants' annual recertification information), as well as a clerical employee in the

HCVP unit. As such, she was one of the individuals responsible for ensuring that all

aspects of the recertification branch of the HCVP unit ran smoothly and efficiently. As

part of her tasks, Plaintiff was one of the three supervisors responsible for ensuring that

all recertifications were timely and accurately completed. Plaintiff was also primarily

responsible for ensuring that all rent (voucher) payments made to landlords and all utility

payments made to participants in the HCVP were properly documented and accurate. *See*

Affidavit of Horace Carrington attached hereto as Exhibit F. Plaintiff routinely (weekly)

attended key staff management meetings with other senior staff members to discuss

department management issues and establish procedures, protocol, and policy issues

related to the HCVP as a whole. *See* Affidavit of Velma Navarro attached hereto as

Exhibit G. Further, Plaintiff was responsible for staffing and coordinating recertification specialist contact with HCVP participants and landlords on, at least, the two days each week when such meetings/interviews are generally conducted and/or scheduled (also known as DCHA's walk-in days). *See* Exhibit G. Moreover, Plaintiff was responsible for assigning work to her team members. *See* Exhibit G. Plaintiff was also responsible for effecting and implementing DCHA's personnel policies with respect to the employees that she supervised, to include evaluating their performance, effecting disciplinary action where appropriate, and making recommendations for promotions and termination. *See* Exhibits F&G.

Plaintiff was a supervisor in a unit responsible for the receipt, processing, and payment aspects of the program serving more than 10,000 participants and several hundred landlords within the District of Columbia. Plaintiff developed procedures and tracking systems for the entire HCVP recertification department related to scheduling recertifications, tracking the attendance of participants at scheduled recertification interviews, second notification of participants when they failed to attend their scheduled recertification appointments, and recommendation of termination when HCVP participants completely failed to appear for scheduled appointment. *See* Exhibit G. She ensured that payments in the HCVP were timely and accurately made to participants and landlords. Further, Plaintiff reviewed and approved all time and attendance of the employees she supervised, thus making it possible for those DCHA employees to be timely and accurately paid and their benefits (i.e., sick and vacation time) to be properly documented and calculated on a bi-weekly basis. In light of the foregoing, it is clear that Plaintiff's primary duties were directly related to the management and general business

8

operations of DCHA's HCVP unit, as opposed to the day-to-day carrying out of DCHA's business affairs. *See, e.g., Jones and Associates, Inc. v. District of Columbia,* 642 A.2d 130, 133-34 (D.C. 1994). In sum, Plaintiff's primary duties as a Supervisory Housing Program Specialist did not include non-office or manual work and were directly related to the management and general business operations of DCHA and its HCVP.

In *Robinson-Smith*, this Court determined that the defendant, GEICO, satisfied this prong of the test in establishing that automobile damage adjusters' duties were directly related to GEICO's management policies and business operations. *See Robinson-Smith*, 323 F.Supp.2d at 23. There, this Court determined that the adjusters were responsible for the execution or implementation of "GEICO's claims adjusting policies on behalf of GEICO and the policy holders." *Id.* (*citation omitted*). Here, similarly, Plaintiff's duties were directly related to DCHA's management policies and business operations.

In this matter, Plaintiff was responsible for effecting and implementing DCHA's personnel policies with respect to the employees that she supervised, including evaluating their performance, disciplining them when appropriate, and recommending them for promotion or termination. *See* Exhibits F&G. Moreover, Plaintiff furthered DCHA's management policies and business operations in that she was responsible for executing and implementing DCHA's rules, regulations, and policies concerning the processing of participant recertifications; Plaintiff actually developed a number of procedures and tracking mechanisms related to HCVP participant attendance at scheduled appointments and termination for their failure to attend these appointments that were affected and were implemented and affected the HCVP recertification department as a whole. *See* Exhibit

G. In fact, she was one of three individuals primarily responsible for ensuring that such rules, regulations, and policies were effectively and efficiently applied towards the end of making sure that landlords and participants were timely and appropriately paid pursuant to the parameters of the HCVP. *See* Exhibit G.

In *Hills v. Western Paper Co.,* the United States District Court for Kansas determined that one of the defendant's former branch Accounting and Credit Managers was exempt from the overtime requirements of the FLSA. *Hills v. Western Paper Co.,* 825 F.Supp. 936 (D.Kan. 1993). There, the court held that the employee's duties directly related to administrative aspects of the defendant's business. *See Hills,* 825 F.Supp at 938. The court based it's conclusion on the fact that the plaintiff:

> . . . supervised and evaluated another employee under her. *See* 29 C.F.R. § 541.102(b). She was also responsible for training and orienting new employees in her department. Supervisory functions directly relate to and are the means through which management policies are implemented in a business. They have a continuing impact on productivity levels. Furthermore, as the Accounting and Credit Manager, [the plaintiff] was responsible for managing the financial nerve center of [the defendant's] business. The importance of her job to the smooth and effective functioning of [the defendant's] business is obvious. [The plaintiff] was responsible for keeping track of bills, payments, and insuring that customers to whom [the defendant] extended credit were creditworthy.

*Id.; see also Langley v. Gymboree Operations, Inc.,* ___ F.Supp.2d ___ (S.D. Fla. 2008), 2008 WL 115101, *5 (S.D. Fla. 2008) ("Plaintiff's managerial functions were critical to the success of the store. [The defendant's store] could not have operated successfully unless she was interviewing, selecting, and training employees, disciplining employees, and setting and adjusting  . . . [the work schedules] of those employees."). Here, similarly, Plaintiff's duties were directly related to the administrative aspects of DCHA's business.

As was the case in *Hill*, here, Plaintiff oversaw employees (in fact, approximately 10 of them) and the person responsible for training and orienting new recertification specialists in the HCVP unit as a whole, not just those employees on her team. Moreover, Plaintiff was responsible for implementing DCHA's management and personnel policies with respect to those employees she supervised. In her role as a Supervisory Housing Program Specialist, Plaintiff's work was essential to the efficient and effective functioning of the HCVP unit as a whole, and the recertification branch of that unit specifically. As was the case with respect to the plaintiff in *Hill*, here, Plaintiff was responsible tracking payments and ensuring their accuracy. Specifically, Plaintiff was charged with ensuring that all recertifications were timely and accurately completed and all rent (voucher) payments made to landlords and all utility payments made to participants in the HCVP were properly documented and accurate. *See* Exhibit F.

In *Thomas v. Speedway SuperAmerica, LLC*, the United States Court of Appeals for the Sixth Circuit determined that the plaintiff's primary duty directly related to the management of her former employer's business. *See Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496 (6th Cir. 2007). There, the plaintiff's duties in managing one of the defendant's stations included "hiring employees, training employees, and assigning the weekly work schedule." *Thomas*, 506 F.3d at 505. The court opined that if the plaintiff did not perform these duties, the defendant's "station would not function at all because no one else would perform these essential tasks." *Id.* Here, similarly, without Plaintiff's performance of the tasks with which she was charged, the recertification branch of the HCVP unit would not function efficiently or effectively.

As was the case in *Thompson*, Plaintiff's job required her to supervise a number of other employees. In addition to her own team of 10 employees, Plaintiff supervised eight additional employees (seven recertification specialists and a clerical employee) in the absence of their supervisor who was, roughly, Plaintiff's counter-part in the HCVP Recertification department. *See* Exhibit G. In so doing, Plaintiff was responsible for staffing and coordinating recertification specialist contact with the public (HCVP participants and landlords). *See* Exhibit G. Further, Plaintiff was responsible for allocating and assigning work to members of her team. *See* Exhibit G. Moreover, Plaintiff was primarily responsible for reviewing and approving all of the time and attendance records for those she supervised, permitting DCHA to timely and accurately pay those employees and calculate their sick and vacation leave on a bi-weekly basis. Additionally, Plaintiff was responsible for carrying out DCHA's personnel policies with respect to the employees that she supervised.. *See* Exhibits F&G. Thus, as was true in *Thompson*, here, Plaintiff's primary duties clearly related to DCHA's management and/or general business operations.

In light of the foregoing, it is apparent that Plaintiff's primary duties were directly related to the management or general business operations of DCHA.

> **c.    Exercise of Discretion and Independent Judgment over Matters of Significance in the Performance of Primary Duty**

Factors to consider when examining whether an employee exercises discretion and independent judgment include whether the employee:

o    Has authority to formulate, affect, interpret, or implement management policies or operating practices;

o      Carries out major assignments in conducting the operations of the business;

o      Has the authority to waive or deviate from established policies and procedures without prior approval;

o      Investigates and resolves matters of significance on behalf of management; and

o      Represents the company in handling complaints, arbitrating disputes, or resolving grievances.

*See* 29 C.F.R. § 541.202(b).

In her role as a Supervisory Housing Program Specialist, Plaintiff did all of these things. Plaintiff was entrusted with the exercise of discretion and independent judgment over matters of significance in the performance of her primary duty. As mentioned above, Plaintiff was a supervisor in a program that processed recertifications submitted by and payments made to or on behalf of more than 10,000 participants. In this role, Plaintiff was primarily responsible for reviewing and auditing all rent (subsidy) payments made to landlords. *See* Exhibits F&G. In doing so, Plaintiff was entrusted with the responsibility of making decisions concerning the appropriateness of such payments and, where appropriate and necessary in her judgment, adjusting these payments without the need to seek approval or clarification from her superiors. *See id.*.

Plaintiff was also responsible for evaluating the performance of the employees that she supervised, carrying out any necessary discipline, recommending employees for promotions and termination, and implementing and ensuring that DCHA personnel policies and procedures were followed. *See id.*. Further, Plaintiff was responsible for

13

addressing matters associated with administrative grievances filed by HCVP participants with DCHA's Office of Fair Hearings, the department within DCHA responsible for processing and hearing all grievances files by current, former, and prospective individuals and families served by DCHA's programs. *See* Exhibit G. In this capacity, Plaintiff had the authority to evaluate and, where she deemed appropriate, settle grievance matters on behalf of DCHA for sums under $10,000 without resort to approval or sanction from her superiors. *See id.*.

In *Hill*, the United States District Court for Kansas determined that one of the defendant's former branch Accounting and Credit Managers met this prong of the test (i.e., exercised discretion and independent judgment) by virtue of her supervision of another employee. *See Hills,* 825 F.Supp. at 939; *see also, c.f., Langley*, ___ F.Supp.2d ____ (S.D. Fla. 2008), 2008 WL 115101, *5 (S.D. Fla. 2008) (" . . . Plaintiff does not dispute that when she had sales assistants on the floor with her. She was responsible for sales leadership. . . . Sales leadership is unquestionably a managerial task."). There, the court determined that, "[the plaintiff's] performance of supervisory functions, standing alone, qualifies as work requiring the exercise of discretion and independent judgment." *Id.*. Here, similarly, Plaintiff's supervisory duties qualified as work requiring the exercise of discretion and independent judgment.

As was the case in *Hill*, here, Plaintiff oversaw employees (in fact, a team of them) and was the person responsible for training and orienting new recertification specialists in the HCVP unit, whether or not they were members of her team. Moreover, Plaintiff was responsible for implementing DCHA's management and personnel policies with respect to those employees she supervised. Plaintiff was also responsible for

evaluating the performance of the employees that she supervised, determining and effecting any appropriate disciplinary treatment, recommending employees for promotions and termination, and implementing and ensuring that DCHA personnel policies and procedures were followed. *See* Exhibits F&G. Accordingly, the fact that Plaintiff supervised at least 10 employees, standing alone, qualifies as work requiring the exercise of discretion and independent judgment and satisfies this prong of the test.

In *Thomas*, the United States Court of Appeals for the Sixth Circuit determined that the plaintiff also exercised discretionary powers. *See Thomas*, 506 F.3d at 506-508. There, the court found that, although the plaintiff's supervisor was available to the store managers, he did not maintain constant supervision over them. *Id.*. The court noted that even "active supervision . . . [did] not eliminate the day-to-day discretion of the on-site store manager." *Id.* at 506-507. The court based its decision on the fact that the plaintiff, interviewed and hired employees, allocated work among those she supervised, evaluated her employee's performance. The court opined that, "[w]hile [the plaintiff's] discretion was by no means unfettered and abounding, she exercised discretion over important managerial functions on a sufficiently frequent basis to support a finding that management was her primary duty." *Id.* at 507. Finally, the court found that because the plaintiff operated the store that she supervised with relatively little "direct over-the-shoulder oversight on a day-to-day basis", the "relative freedom from supervision was sufficient enough to support a finding that her primary duty was management." *Id.* at 508. Here, similarly, Plaintiff, while not having unfettered discretion, exercised sufficient discretion and independent judgment over important managerial functions to fall within the administrative employees exemption in the FLSA.

Plaintiff was a supervisor in a program that processed recertifications submitted by and payments made to or on behalf of more than 10,000 participants. In this role, Plaintiff was primarily responsible for reviewing and auditing all rent (subsidy) payments made to landlords. *See* Exhibits F&G. In doing so, Plaintiff routinely made decisions concerning the appropriateness of such payments and, where appropriate and necessary in her judgment, adjusted these payments without the need to seek approval or clarification from her superiors; Plaintiff had the discretion to approve such adjustments under $10,000 without approval from her supervisors. *See id.*. Further, Plaintiff was responsible for addressing matters associated with administrative grievances filed by HCVP participants with DCHA's Office of Fair Hearings. *See* Exhibit G. In this capacity, Plaintiff had the authority to evaluate and, where she deemed appropriate, settle grievance matters on behalf of DCHA under $10,000 without resort to approval or sanction from her superiors. *See id.*. Further, Plaintiff reviewed and approved all time and attendance of the employees she supervised without direct supervision from her superiors. *See* Exhibits F&G. Accordingly, as was the case in *Thomas*, although Plaintiff had supervisors above her, she operated on a day-to-day basis with relative freedom from supervision and, although the aspects of Plaintiff's job set forth herein are but a portion of the numerous duties and responsibilities encompassed within Plaintiff's position as a Supervisory Housing Program Specialist, they clearly demonstrate that Plaintiff was not only entrusted with the exercise of discretion and independent judgment over matters of significance, but such characteristics were required of her in order to accomplish her primary duties.

Thus, and in light of the fact that Plaintiff satisfies all of the enumerated criteria to be deemed an administrative employee, this Court must determine that Plaintiff is an administrative employee and, therefore, exempt from the overtime wage requirements as set forth in the FLSA. Accordingly, Plaintiff's Motion for Partial Summary Judgment must be denied and Defendant's Motion for Summary Judgment must be granted and the instant Complaint must be dismissed with prejudice.

### 2.     DCHA's Payment of Overtime to Plaintiff does not Affect her Status as an Administrative Employee who is Exempt from the Overtime Wage Requirements of the FLSA.

Nor should Plaintiff be permitted to argue that somehow she was not an administrative employee and, therefore exempt from the overtime requirements of the FLSA because she was paid overtime at some point during her tenure with DCHA. Although somewhat unclear, in the Complaint, Plaintiff appears to allude to the notion that, because she was paid an additional sum for "at least one pay period ending on or about April 28, 2007," Plaintiff is entitled to be paid overtime wages as required by the provisions of the FLSA. *See* Complaint at ¶ 11. This notion, that the payment of sums in addition to salary somehow destroys an administrative employee's exempt status for purposes of the requirements of the FLSA is without merit and must be summarily rejected by this Court.

In 1997, the United States Court of Appeals for the Ninth Circuit addressed this issue. *See Boykin v. Boeing Company,* 128 F.3d 1279 (9th Cir. 1997). There the plaintiffs argued that they were not compensated on a salary basis because, in addition to their regular, fixed, salaries, the defendant paid them for overtime work. *See Boykin,* 128 F.3d at 1281. The court, citing Department of Labor opinion letters, held that "the DOL has

17

unequivocally and consistently declared that additional compensation in the form of hourly overtime payment does not defeat exempt status under the salary basis test." *Id.* The court noted that "additional compensation besides the required minimum salary guarantee may be paid to exempt employees for hours worked beyond their standard workweek without affecting the salary basis of pay." *Id.* (*citing* D.O.L. Wage & Hour Division Opinion Letter No. 1738 (April 5, 1995)). The court further noted that, under *Chevron*, the Department of Labor's interpretation of its own regulations was entitled to deference from a reviewing court. *See Boykin*, 128 F.3d at 1281; *see also Chevon v. N.R.D.C.*, 467 U.S. 837 (1984); *see, c.f., Auer v. Robbins*, 519 U.S. 452 (1997) (FLSA gives the Secretary of Labor broad authority to define the scope of exemption from overtime pay requirements for executive, administrative, and professional employees.); *Christensen v. Harris County*, 529 U.S. 576, 586 (2000).

Here, similarly, assuming *arguendo,* that Plaintiff's assertions concerning her payment of overtime for "at least one pay period ending on or about April 28, 2007," are true, such payment would, nonetheless, be insufficient to defeat her status as an exempt employee for purposes of the overtime wage requirements of the FLSA. As set forth above, Plaintiff is exempt from the overtime wage requirements of the FLSA as she is an administrative employee under Section 13(a)(1) of that act. *See* 29 C.F.R. Part 541. The Department of Labor has clearly determined, the payment of additional compensation to an exempt employee does not defeat that employee's exempt status. *See* D.O.L. Wage & Hour Division Opinion Letter No. 1738 (April 5, 1995).[6]   Accordingly, Plaintiff's argument that, because she was paid overtime for "at least one pay period ending on or

---

[6]     In another letter issued by the Department of Labor on April 6, 1995, the agency noted that there has been no change in the agency's position on this subject since prior to 1974. (A copy of this letter, obtained from the Department of Labor, is attached hereto as Exhibit H.)

about April 28, 2007," and, therefore, entitled to receive overtime payment for her tenure between December, 2005, and November, 2007, is blatantly incorrect and must be rejected by this Court.

In summary, Plaintiff's instant argument that the Release was somehow against public policy because of her claims for unpaid overtime wages under the provisions of the FLSA in unfounded. As the above-analysis clearly indicates, Plaintiff was an administrative employee during her tenure with DCHA and, therefore, exempt from the overtime requirements of the FLSA. At the time she signed the Release, she had no valid claim from unpaid wages under the FLSA against DCHA. As such the Release was valid and effective to preclude the instant cause of action against DCHA. Accordingly, Plaintiff's instant Cross Motion for Summary Judgment must be denied and Defendant's Motion for Summary Judgment should be granted.

Dated: March 24, 2008                    Respectfully Submitted,

Hans Froelicher, IV, DC Bar No. 475506
Nicole C. Mason, DC Bar No. 464733
Clifford E. Pulliam, DC Bar No. 480016
Office of the General Counsel
District of Columbia Housing Authority
1133 North Capitol Street, NE , Suite #210
Washington, DC  20002
(202) 535-2835 (telephone)
(202) 535-2521 (facsimile)

Civil Action No. 1:08-cv-00202
Hon. RWR

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANT DISTRICT OF**

**COLUMBIA HOUSING AUTHORITY'S OPPOSITION TO PLAINTIFF'S**

**CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT** was e-filed and mailed

first class, postage prepaid, on this 24th day of March, 2008 to the following:

Clifford E. Pulliam

Scott A. Conwell, Esq.
2138 Priest Bridge Court
Suite No. 4
Crofton, MD 21114



## SUPERVISORY HOUSING PROGRAM SPECIALIST
### DS-1101-14

### INTRODUCTION:

This position is located in the Rental Assistance Department/Section 8, Housing Choice
Voucher Program (HCVP), D.C. Housing Authority (DCHA) with primary responsibility
for managing and supervising the leasing and occupancy functions of the Housing Choice
Voucher, Moderate Rehabilitation (MOD), Single Room Occupancy (SRO), Department
of Mental Health Rental Programs and the Tenants Assistance Program (TAP).

### POSITION CONTROLS:

The incumbent works under general supervision and the supervisor outlines the overall
objectives of the work to be performed. This includes available resources and
collaboration on timelines and scope of assignments as well as the approach.

The incumbent plans, organizes and coordinates the work of the staff based on volume of
work, changes in regulations and statutes, and special initiatives. As a technical authority
on program characteristics and requirements the incumbent coordinates work with other
DCHA department/units/entities; interprets policy and regulatory requirements associated
with the Housing Choice Voucher Program; and recommends improvements in order to
meet program objectives.

Keeps the supervisor apprised of progress and/or potentially controversial matters such as
major problems or the inability to keep program deadlines.

The work is reviewed for soundness of overall approach, effectiveness in meeting
program requirements or expected results, also the feasibility of recommendations and
adherence to program requirements. The work is usually accepted without major
changes.

Guidelines consist of district government laws, statutes, codes, and regulations that
governs managing public and assisted housing; internal directives and administrative
issuances, broad policies and procedures; and regulatory guidelines issued by Housing
and Urban Development (HUD). This requires extensive interpretation in order to fulfill
the mission and goals of DCHA.

Judgment and discretion is utilized when determining the intent, and interpreting and
revising existing policy and regulatory guidelines as well as developing or revising
guidelines and procedures, and developing and establishing standard operating
procedures and processes for the subordinate staff.

**DUTIES AND RESPONSIBILITIES:**

As supervisor, the incumbent is responsible ensuring that the mission of the unit is carried appropriately. The incumbent is well diverse in all areas of HCVP, such as Eligibility, Leasing, Occupancy, Moderate Rehabilitation Program, Single Rom Occupancy, Targeted Funded Programs, and Project Based Program. More specifically the incumbent has responsibility for personally performing the following or through subordinate staff:

- Supervises and ensures Housing Quality Standards (HQS) of approximately 250 scheduled inspections are conducted each month prior to leasing and contracting execution. This requires coordinating the caseloads of the employees in conjunction with the landlord.

- Creates queries and develops monthly reports for the Director's review. Also creates data queries to assess and make appropriate assignments to the subordinates.

- Information generated from reports is utilized to develop grant proposals and requests funding from HUD for both Public Housing and the Housing Choice Voucher Program.

- Responsible for reviewing, researching and approving all adjustments for prorated and initial payments for owners in the HCVP.

- Responsible for submitting figures prepared for the HUD report to DCHA's Finance Department for continued program funding.

- Monitors financial data monthly to make recommendations and requests to the Director of Client Placement on families that are extracted from the waiting list to maintain utilization.

- Responsible for approving and executing all Housing Assistance Payment Contracts on behalf of the Executive Director.

- Prepares and manages operational Leasing Departmental budget and analyzes and reports data in preparation of the HCVP Operational Budget.

- Analyzes economic and demographic statistic reports to recommend policy to increase or decrease subsidy standards.

- Responsible for the compilation, analysis and translation of unassisted and assisted rental market data.

- Assists in developing marketing strategies and materials and in coordinating landlord outreach initiatives as well as composing articles for DCHA's newsletter and website.

- Assists with training and educating current and prospective landlords about programs administered by HCVP.

- Gathers comparability data to conduct contract rent assessment for tenancy approval.

- Assisting the Client Placement Department by supervising the eligibility determination processing of applicants in HVCP by coordinating with families and owners by obtaining documentation to determine eligibility.

*Supervisory responsibilities:*

- Assigns, directs, and reviews the work of subordinate employees;
- Provides and ensures comprehensive on-the-job training, as well as applicable training outside of the department or developmental program and back-up skills by cross-training subordinates to enhance their professional growth and development;
- Evaluates the subordinates work performance;
- Together the incumbent and supervisor recommends and makes job selections, promotions, personnel status changes, incentives, adverse/disciplinary action, and separation, etc.
- Plans, schedules, and coordinates work efforts to promote team concept;
- Solves problems related to the work operations;
- Determines material, equipment, and resources needed;
- Explains and gains the support of employees for management policies and goals, e.g., cost reduction and safety, etc., and work to achieve the objectives of department-wide programs and policies;
- Solves arising unprecedented technical problems encountered by subordinates;
- Approves and disapproves leave requests; and
- Assists the supervisor in communicating effectively with employees and representatives on employee suggestions, complaints, grievances, and other matters involved in the day-to-day operations.

Performs other related duties as assigned.

*Other significant facts:*

Mastery knowledge of Federal and D.C. housing management and related policies, concepts, regulations, and laws including related legislative matters and legal precedents to provide expert advisory services to the supervisor and other DCHA management technical experts, public or private stakeholders.

Expert knowledge and skill in the identification and application of the latest management concepts and techniques of housing programs to develop and appraise housing policies and procedures that are relevant to the Housing Choice Voucher Program.

Mastery of knowledge in researching and analyzing management concepts, and ability to extend existing principles to new and unusual applications.
Ability to conduct studies that benefits the HCVP program to meet the needs of the organization and develop criteria as well as adopt other jurisdictions or states methods and techniques.

Ability to conduct novel and unprecedented studies or develop management criteria, and prepare advisory materials on matters that affects DCHA overall mission and goals.

Ability to develop new housing management techniques and methodology.

Expert knowledge of housing trends and market acceptability.

Extensive knowledge of the Moderate Rehabilitation and Single Room Occupancy and Tenant Assistance Program regulations, and Department of Mental Health Rental Assistance Program.

Ability to effectively communicate with others both orally and in writing to formulate, present and report conclusions and interpret factual information and ensure cohesive and cooperative work efforts.

Knowledge of budget is required to forecast and develop the annual fiscal budget, keep up-to-date with expenditures for daily operations in addition to contract and procurement compliance, and to identify resources (staff, funding, equipment).

Mastery of qualitative and/or quantitative methods for assessing and improving HCVP.

EXHIBIT

B

## Earnings Statement

**Dalerie V. Beard**
**2088 Lake Grove Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|-----------|-----------|---------|---------|---------|------|
| A3R | 810 | 04-1 | 01/27/2006 | 01/21/2006 | 000098 | 127DC | 2,329.69 | 1,865.61 | 00007921 | Check | Yes |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 64.00 | 2,070.84 |
| Holiday | 32.36 | 8.00 | 258.85 |
| **Gross Pay** | | | **$2,329.69** |

| Deductions | Statutory | |
|------------|-----------|--|
| | Federal Income Tax | -175.16 |
| | Medicare | -33.78 |
| | Social Security | -144.44 |
| | MD Worked In State Income Tax | -110.70 |
| | **Net Pay** | **$1,865.61** |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove**

**Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|-----------|-----------|-----------|-----------|---------|---------|---------|------|
| A3R | 810 | 04-1 | 01/27/2006 | 01/21/2006 | 000098 | 127DC | 2,758.41 | | 00040329 | Voucher | |

| Earnings | | | Rate | Hours | This Period |
|----------|---|---|------|-------|-------------|
| Regular | | | | 72.00 | 2,329.69 |
| Overtime | | | | 3.50 | 169.87 |
| Holiday | | | 32.36 | 8.00 | 258.85 |
| | | | **Gross Pay** | | **$2,758.41** |

| Deductions | Statutory | |
|------------|-----------|---|
| | Federal Income Tax | -282.34 |
| | Medicare | -40.00 |
| | Social Security | -171.02 |
| | MD Worked In State Income Tax | -142.04 |
| | **Others** | |
| | Check | -2,123.01 |
| | **Net Pay** | |

# Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove**

**Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|-----------|-----------|-----------|-----------|---------|---------|---------|------|
| A3R | 810 | 06-1 | 02/10/2006 | 02/04/2006 | 000098 | 127DC | 2,588.54 | | 00060338 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 80.00 | 2,588.54 |
| | **Gross Pay** | | **$2,588.54** |

| Deductions | | |
|------------|---|---|
| **Statutory** | | |
| Federal Income Tax | | -207.43 |
| Medicare | | -35.65 |
| Social Security | | -152.44 |
| MD Worked In State Income Tax | | -120.13 |
| **Others** | | |
| Dc Cigna | | -129.80 |
| Check | | -1,943.09 |
| **Net Pay** | | |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 08-1 | 02/24/2006 | 02/18/2006 | 000098 | 127DC | 2,758.41 | | 00080337 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 80.00 | 2,588.54 |
| Overtime | | 3.50 | 169.87 |
| **Gross Pay** | | | **$2,758.41** |

| Deductions | | |
|------------|--|--|
| **Statutory** | | |
| Federal Income Tax | | -249.89 |
| Medicare | | -38.11 |
| Social Security | | -162.98 |
| MD Worked In State Income Tax | | -132.55 |
| **Others** | | |
| Dc Cigna | | -129.80 |
| Check | | -2,045.08 |

**Net Pay**

# Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove**

**Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|-----------|-----------|-----------|-----------|---------|---------|---------|------|
| A3R | 810 | 10-1 | 03/10/2006 | 03/04/2006 | 000098 | 127DC | 2,588.54 | | 00100322 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 72.00 | 2,329.69 |
| Holiday | 32.36 | 8.00 | 258.85 |
| | **Gross Pay** | | **$2,588.54** |

| Deductions | Statutory | |
|------------|-----------|---|
| | Federal Income Tax | -207.43 |
| | Medicare | -35.66 |
| | Social Security | -152.44 |
| | MD Worked In State Income Tax | -120.13 |
| | **Others** | |
| | Dc Cigna | -129.80 |
| | Check | -1,943.08 |
| | **Net Pay** | |



EXHIBIT

C

# Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | | Check # | Chk/Vcr | Void |
|----|--------|-----|---|----------|------------|-----------|------------|-----------|---------|---|---------|---------|------|
| A3R | 810 | 12-1 | | 03/24/2006 | 03/18/2006 | 000098 | 127DC | 3,154.09 | | | 00120350 | Voucher | |

| Earnings | | Rate | Hours | This Period |
|----------|---|------|-------|-------------|
| Regular | | | 77.25 | 3,045.67 |
| Sick Leave | | 39.43 | 2.75 | 108.42 |
| | | | **Gross Pay** | **$3,154.09** |

| Deductions | Statutory | |
|------------|-----------|---|
| | Federal Income Tax | -348.81 |
| | Medicare | -43.85 |
| | Social Security | -187.51 |
| | MD Worked In State Income Tax | -161.48 |

| | Others | |
|---|--------|---|
| | Dc Cigna | -129.80 |
| | Check | -2,282.64 |
| | **Net Pay** | |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove**

**Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 14-1 | 04/07/2006 | 04/01/2006 | 000098 | 127DC | 4,396.03 | | 00140344 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 56.00 | 2,207.87 |
| Overtime | | 21.00 | 1,241.93 |
| Funeral Leave | 39.43 | 24.00 | 946.23 |
| | **Gross Pay** | | **$4,396.03** |

| Deductions | Statutory | |
|------------|-----------|---|
| | Federal Income Tax | -672.30 |
| | Medicare | -61.86 |
| | Social Security | -264.50 |
| | MD Worked In State Income Tax | -252.26 |
| | **Others** | |
| | Dc Cigna | -129.80 |
| | Check | -3,015.31 |
| | **Net Pay** | |

# Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|-----------|-----------|-----------|-----------|---------|---------|---------|------|
| A3R | 810 | 16-1 | 04/21/2006 | 04/15/2006 | 000098 | 127DC | 3,154.10 | | 00160341 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 80.00 | 3,154.10 |
| | **Gross Pay** | | **$3,154.10** |

| Deductions | | |
|------------|--|--|
| **Statutory** | | |
| Federal Income Tax | | -348.82 |
| Medicare | | -43.85 |
| Social Security | | -187.51 |
| MD Worked In State Income Tax | | -161.48 |
| **Others** | | |
| Dc Cigna | | -129.80 |
| Check | | -2,282.64 |
| | **Net Pay** | |

## Earnings Statement

**Dalerie V. Beard**
**2088 Lake Grove**
**Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|----|----------|-----------|-----------|-----------|-----------|---------|---------|---------|------|
| A3R | 810 | 18-1 | 05/05/2006 | 04/29/2006 | 000098 | 127DC | 3,154.10 | | 00180351 | Voucher | |

| Earnings | | Rate | Hours | This Period |
|----------|--|------|-------|-------------|
| Regular | | | 72.00 | 2,838.69 |
| Holiday | | 39.43 | 8.00 | 315.41 |
| | | **Gross Pay** | | **$3,154.10** |

| Deductions | Statutory | |
|------------|-----------|--|
| | Federal Income Tax | -348.82 |
| | Medicare | -43.85 |
| | Social Security | -187.50 |
| | MD Worked In State Income Tax | -161.48 |
| | **Others** | |
| | Dc Cigna | -129.80 |
| | Check | -2,282.65 |
| | **Net Pay** | |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 20-1 | 05/19/2006 | 05/13/2006 | 000098 | 127DC | 3,154.10 | | 00200347 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 80.00 | 3,154.10 |
| | **Gross Pay** | | **$3,154.10** |

| Deductions | Statutory | |
|------------|-----------|---|
| | Federal Income Tax | -348.82 |
| | Medicare | -43.85 |
| | Social Security | -187.51 |
| | MD Worked In State Income Tax | -161.48 |
| | **Others** | |
| | Dc Cigna | -129.80 |
| | Check | -2,282.64 |
| | **Net Pay** | |

## Earnings Statement

**Dalerie V. Beard**
**2088 Lake Grove**
**Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 22-1 | 06/02/2006 | 05/27/2006 | 000098 | 127DC | 3,154.10 | | 00220343 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 64.00 | 2,523.28 |
| Sick Leave | 39.43 | 16.00 | 630.82 |
| | **Gross Pay** | | **$3,154.10** |

| Deductions | Statutory | |
|------------|-----------|---|
| | Federal Income Tax | -348.82 |
| | Medicare | -43.86 |
| | Social Security | -187.51 |
| | MD Worked In State Income Tax | -161.48 |
| | **Others** | |
| | Dc Cigna | -129.80 |
| | Check | -2,282.63 |
| | **Net Pay** | |

# Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 24-1 | 06/16/2006 | 06/10/2006 | 000098 | 127DC | 3,154.10 | | 00240357 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 72.00 | 2,838.69 |
| Holiday | 39.43 | 8.00 | 315.41 |
| **Gross Pay** | | | **$3,154.10** |

| Deductions | | |
|------------|---|---|
| **Statutory** | | |
| Federal Income Tax | | -348.82 |
| Medicare | | -43.85 |
| Social Security | | -187.50 |
| MD Worked In State Income Tax | | -161.48 |
| **Others** | | |
| Dc Cigna | | -129.80 |
| Check | | -2,282.65 |
| **Net Pay** | | |

## Earnings Statement
**Dalerie V. Beard**
**2088 Lake Grove**
**Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 26-1 | 06/30/2006 | 06/24/2006 | 000098 | 127DC | 3,154.10 | | 00260338 | Voucher | |

| Earnings | | Rate | Hours | This Period |
|----------|--|------|-------|-------------|
| Regular | | | 72.00 | 2,838.69 |
| Sick Leave | | 39.43 | 8.00 | 315.41 |
| | | | Gross Pay | $3,154.10 |

| Deductions | Statutory | |
|------------|-----------|--|
| | Federal Income Tax | -348.82 |
| | Medicare | -43.85 |
| | Social Security | -187.51 |
| | MD Worked In State Income Tax | -161.48 |
| | **Others** | |
| | Dc Cigna | -129.80 |
| | Check | -2,282.64 |
| | Net Pay | |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove**

**Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 28-1 | 07/14/2006 | 07/08/2006 | 000098 | 127DC | 3,154.10 | | 00280340 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 72.00 | 2,838.69 |
| Holiday | 39.43 | 8.00 | 315.41 |
| | **Gross Pay** | | **$3,154.10** |

| Deductions | | |
|------------|---|---|
| **Statutory** | | |
| Federal Income Tax | | -348.82 |
| Medicare | | -43.85 |
| Social Security | | -187.50 |
| MD Worked In State Income Tax | | -161.48 |
| **Others** | | |
| Dc Cigna | | -129.80 |
| Check | | -2,282.65 |
| | **Net Pay** | |

# Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|------|------------|------------|-----------|------------|-----------|---------|----------|---------|------|
| A3R | 810 | 30-1 | 07/28/2006 | 07/22/2006 | 000098 | 127DC | 3,154.10 | | 00300327 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 48.00 | 1,892.46 |
| Sick Leave | 39.43 | 32.00 | 1,261.64 |
| **Gross Pay** | | | **$3,154.10** |

| Deductions | | |
|------------|---|---|
| **Statutory** | | |
| Federal Income Tax | | -348.82 |
| Medicare | | -43.86 |
| Social Security | | -187.51 |
| MD Worked In State Income Tax | | -161.48 |
| **Others** | | |
| Dc Cigna | | -129.80 |
| Check | | -2,282.63 |
| **Net Pay** | | |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove**
**Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 32-1 | 08/11/2006 | 08/05/2006 | 000098 | 127DC | 3,154.09 | | 00320322 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 60.00 | 2,365.57 |
| Annual Leave | 39.43 | 16.00 | 630.82 |
| Sick Leave | 39.43 | 4.00 | 157.70 |
| | **Gross Pay** | | **$3,154.09** |

| Deductions | Statutory | |
|------------|-----------|---|
| | Federal Income Tax | -348.81 |
| | Medicare | -43.85 |
| | Social Security | -187.51 |
| | MD Worked In State Income Tax | -161.48 |
| | **Others** | |
| | Dc Cigna | -129.80 |
| | Check | -2,282.64 |
| | **Net Pay** | |

## Earnings Statement

**Dalerie V. Beard**
**2088 Lake Grove**
**Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 34-1 | 08/25/2006 | 08/19/2006 | 000098 | 127DC | 3,154.10 | | 00340320 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 67.75 | 2,671.13 |
| Annual Leave | 39.43 | 8.50 | 335.12 |
| Sick Leave | 39.43 | 3.75 | 147.85 |
| | **Gross Pay** | | **$3,154.10** |

| Deductions | | |
|------------|--|--|
| **Statutory** | | |
| Federal Income Tax | | -348.82 |
| Medicare | | -43.85 |
| Social Security | | -187.50 |
| MD Worked In State Income Tax | | -161.48 |
| **Others** | | |
| Dc Cigna | | -129.80 |
| Basic Life Dc | | -6.63 |
| Opt. A Life Dc | | -0.55 |
| Check | | -2,275.47 |
| | **Net Pay** | |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|------|------------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 36-1 | 09/08/2006 | 09/02/2006 | 000098 | 127DC | 3,154.10 | | 00360328 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 73.50 | 2,897.83 |
| Annual Leave | 39.43 | 6.50 | 256.27 |
| | **Gross Pay** | | **$3,154.10** |

| Deductions | | |
|------------|---|---|
| **Statutory** | | |
| Federal Income Tax | | -348.82 |
| Medicare | | -43.85 |
| Social Security | | -187.51 |
| MD Worked In State Income Tax | | -161.48 |
| **Others** | | |
| Dc Cigna | | -129.80 |
| Basic Life Dc | | -6.63 |
| Opt. A Life Dc | | -0.55 |
| Check | | -2,275.46 |
| | **Net Pay** | |

# Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A3R | 810 | 38-1 | 09/22/2006 | 09/16/2006 | 000098 | 127DC | 3,154.09 | | 00380330 | Voucher | |

| Earnings | Rate | Hours | This Period |
|---|---|---|---|
| Regular | | 68.00 | 2,680.98 |
| Annual Leave | 39.43 | 4.00 | 157.70 |
| Holiday | 39.43 | 8.00 | 315.41 |
| | **Gross Pay** | | **$3,154.09** |

| Deductions | | |
|---|---|---|
| **Statutory** | | |
| Federal Income Tax | | -348.81 |
| Medicare | | -43.85 |
| Social Security | | -187.51 |
| MD Worked In State Income Tax | | -161.48 |
| **Others** | | |
| Dc Cigna | | -129.80 |
| Basic Life Dc | | -6.63 |
| Opt. A Life Dc | | -0.55 |
| Check | | -2,275.46 |
| | **Net Pay** | |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 40-1 | 10/06/2006 | 09/30/2006 | 000098 | 127DC | 3,154.10 | | 00400329 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 80.00 | 3,154.10 |

| | Gross Pay | $3,154.10 |
|---|---|---|

| Deductions | Statutory | |
|------------|-----------|---|
| | Federal Income Tax | -348.82 |
| | Medicare | -43.86 |
| | Social Security | -187.50 |
| | MD Worked In State Income Tax | -161.48 |
| | **Others** | |
| | Dc Cigna | -129.80 |
| | Basic Life Dc | -6.63 |
| | Opt. A Life Dc | -0.55 |
| | Check | -2,275.46 |

| | Net Pay | |
|---|---|---|

# Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 42-1 | 10/20/2006 | 10/14/2006 | 000098 | 127DC | 3,154.09 | | 00420325 | Voucher | |

| Earnings | | | Rate | Hours | This Period |
|----------|--|--|------|-------|-------------|
| Regular | | | | 60.00 | 2,365.57 |
| Annual Leave | | | 39.43 | 4.00 | 157.70 |
| Funeral Leave | | | 39.43 | 8.00 | 315.41 |
| Holiday | | | 39.43 | 8.00 | 315.41 |
| | | | | **Gross Pay** | **$3,154.09** |

| Deductions | | |
|------------|--|--|
| **Statutory** | | |
| Federal Income Tax | | -348.81 |
| Medicare | | -43.85 |
| Social Security | | -187.51 |
| MD Worked In State Income Tax | | -161.48 |
| **Others** | | |
| Dc Cigna | | -129.80 |
| Basic Life Dc | | -6.63 |
| Opt. A Life Dc | | -0.55 |
| Check | | -2,275.46 |
| | **Net Pay** | |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 44-1 | 11/03/2006 | 10/28/2006 | 000098 | 127DC | 3,154.10 | | 00440324 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 75.00 | 2,956.97 |
| Sick Leave | 39.43 | 5.00 | 197.13 |
| **Gross Pay** | | | **$3,154.10** |

| Deductions | Statutory | |
|------------|-----------|---|
| | Federal Income Tax | -348.82 |
| | Medicare | -43.85 |
| | Social Security | -187.51 |
| | MD Worked In State Income Tax | -208.71 |
| | **Others** | |
| | Dc Cigna | -129.80 |
| | Basic Life Dc | -6.63 |
| | Opt. A Life Dc | -0.55 |
| | Check | -2,228.23 |
| | **Net Pay** | |

# Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 45-1 | 11/07/2006 | 11/07/2006 | 000098 | 127DC | | 47.23 | 00122395 | Check | |

| Gross Pay | |
|-----------|--|
| | |

| Deductions | Statutory | |
|------------|-----------|--|
| | MD Worked In State Income Tax | --47.23 |

| Net Pay | $47.23 |
|---------|--------|

## Earnings Statement
**Dalerie V. Beard**
**2088 Lake Grove**
**Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 46-1 | 11/17/2006 | 11/11/2006 | 000098 | 127DC | 3,154.09 | | 00460328 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 52.00 | 2,050.16 |
| Annual Leave | 39.43 | 8.00 | 315.41 |
| Holiday | 39.43 | 8.00 | 315.41 |
| Sick Leave | 39.43 | 12.00 | 473.11 |
| | **Gross Pay** | | **$3,154.09** |

| Deductions | | |
|------------|---|---|
| **Statutory** | | |
| Federal Income Tax | | -348.81 |
| Medicare | | -43.85 |
| Social Security | | -187.50 |
| MD Worked In State Income Tax | | -161.48 |
| **Others** | | |
| Dc Cigna | | -129.80 |
| Basic Life Dc | | -6.63 |
| Opt. A Life Dc | | -0.55 |
| Check | | -2,275.47 |
| | **Net Pay** | |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # Chk/Vcr | Void |
|----|--------|-----|----------|-----------|-----------|-----------|-----------|---------|-----------------|------|
| A3R | 810 | 48-1 | 12/01/2006 | 11/25/2006 | 000098 | 127DC | 3,154.10 | | 00480322 Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 64.00 | 2,523.28 |
| Holiday | 39.43 | 8.00 | 315.41 |
| Admin Leave | 39.43 | 8.00 | 315.41 |
| | Gross Pay | | $3,154.10 |

| Deductions | | |
|------------|---|---|
| **Statutory** | | |
| Federal Income Tax | | -348.82 |
| Medicare | | -43.86 |
| Social Security | | -187.51 |
| MD Worked In State Income Tax | | -161.48 |
| **Others** | | |
| Dc Cigna | | -129.80 |
| Basic Life Dc | | -6.63 |
| Opt. A Life Dc | | -0.55 |
| Check | | -2,275.45 |
| | Net Pay | |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A3R | 810 | 49-1 | 12/08/2006 | 12/08/2006 | 000098 | 127DC | 372.18 | 343.72 | 00123186 | Check | |

| | | | | | |
|---|---|---|---|---|---|
| Retro | | | | 0.00 | 372.18 |
| | | | **Gross Pay** | | **$372.18** |

| Deductions | Statutory | |
|---|---|---|
| | Medicare | -5.39 |
| | Social Security | -23.07 |
| | **Net Pay** | **$343.72** |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 50-1 | 12/15/2006 | 12/09/2006 | 000098 | 127DC | 3,154.10 | | 00500326 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 78.25 | 3,085.10 |
| Admin Leave | 39.43 | 1.75 | 69.00 |
| **Gross Pay** | | | **$3,154.10** |

| Deductions | Statutory | |
|------------|-----------|---|
| | Federal Income Tax | -348.82 |
| | Medicare | -43.86 |
| | Social Security | -187.51 |
| | MD Worked In State Income Tax | -161.48 |
| | **Others** | |
| | Dc Cigna | -129.80 |
| | Basic Life Dc | -6.79 |
| | Opt. A Life Dc | -0.55 |
| | Check | -2,275.29 |
| | **Net Pay** | |

**Earnings Statement**

**Dalerie V. Beard**

**2088 Lake Grove**
**Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 51-1 | 12/18/2006 | 12/09/2006 | 000098 | 127DC | 93.05 | 85.94 | 00124095 | Check | |
| Retro | | | | | | | 0.00 | 93.05 | | | |
| | | | | | | Gross Pay | | $93.05 | | | |

| Deductions | | Statutory | | |
|------------|---|-----------|---|---|
| | | Medicare | | -1.34 |
| | | Social Security | | -5.77 |
| | | Net Pay | | $85.94 |

# Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A3R | 810 | 52-1 | 12/29/2006 | 12/23/2006 | 000098 | 127DC | 3,247.14 | | 00520328 | Voucher | |

| Earnings | Rate | Hours | This Period |
|---|---|---|---|
| Regular | | 77.25 | 3,135.52 |
| Admin Leave | 40.59 | 2.75 | 111.62 |
| **Gross Pay** | | | **$3,247.14** |

| Deductions | Statutory | |
|---|---|---|
| | Federal Income Tax | -372.08 |
| | Medicare | -45.21 |
| | Social Security | -193.27 |
| | MD Worked In State Income Tax | -168.28 |
| | **Others** | |
| | Dc Cigna | -129.80 |
| | Basic Life Dc | -6.79 |
| | Opt. A Life Dc | -0.55 |
| | Check | -2,331.16 |
| | **Net Pay** | |



**EXHIBIT**

## Earnings Statement
**Dalerie V. Beard**
**2088 Lake Grove Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 02-1 | 01/12/2007 | 01/06/2007 | 000098 | 127DC | 3,345.09 | | 00020321 | Voucher | |

| | | | |
|---|---|---|---|
| Annual Leave | 41.81 | 48.00 | 2,007.05 |
| Holiday | 41.81 | 16.00 | 669.02 |
| Admin Leave | 41.81 | 16.00 | 669.02 |
| | | **Gross Pay** | **$3,345.09** |

**Deductions**

**Statutory**

| | |
|---|---|
| Federal Income Tax | -383.73 |
| Medicare | -46.62 |
| Social Security | -199.35 |
| MD Worked In State Income Tax | -175.44 |

**Others**

| | |
|---|---|
| Dc Cigna | -129.80 |
| Basic Life Dc | -6.94 |
| Opt. A Life Dc | -0.55 |
| Check | -2,402.66 |
| | **Net Pay** |

**Memos**

| | |
|---|---|
| Dc Retirement | 167.25 |

# Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 04-1 | 01/26/2007 | 01/20/2007 | 000098 | 127DC | 3,345.09 | | 00040327 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 69.00 | 2,885.14 |
| Holiday | 41.81 | 8.00 | 334.51 |
| Sick Leave | 41.81 | 3.00 | 125.44 |
| | **Gross Pay** | | **$3,345.09** |

| Deductions | Statutory | |
|------------|-----------|---|
| | Federal Income Tax | -375.40 |
| | Medicare | -46.14 |
| | Social Security | -197.28 |
| | MD Worked In State Income Tax | -173.00 |
| | **Others** | |
| | Dc Cigna | -163.15 |
| | Basic Life Dc | -6.94 |
| | Opt. A Life Dc | -0.55 |
| | Check | -2,382.63 |
| | **Net Pay** | |
| | **Memos** | |
| | Dc Retirement | 167.25 |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 06-1 | 02/09/2007 | 02/03/2007 | 000098 | 127DC | 6,575.19 | | 00060330 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 80.00 | 3,345.09 |
| Overtime | | 51.50 | 3,230.10 |
| | **Gross Pay** | | **$6,575.19** |

| Deductions | | |
|------------|---|---|
| **Statutory** | | |
| Federal Income Tax | | -1,254.95 |
| Medicare | | -92.97 |
| Social Security | | -397.54 |
| MD Worked In State Income Tax | | -409.12 |
| **Others** | | |
| Dc Cigna | | -163.15 |
| Basic Life Dc | | -6.94 |
| Opt. A Life Dc | | -0.55 |
| Check | | -4,249.97 |
| | **Net Pay** | |

| Memos | |
|-------|---|
| Dc Retirement | 167.25 |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 08-1 | 02/23/2007 | 02/17/2007 | 000098 | 127DC | 3,345.09 | | 00080334 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 80.00 | 3,345.09 |
| | **Gross Pay** | | **$3,345.09** |

| Deductions | | |
|------------|--|--|
| **Statutory** | | |
| Federal Income Tax | | -375.40 |
| Medicare | | -46.14 |
| Social Security | | -197.29 |
| MD Worked In State Income Tax | | -173.00 |
| **Others** | | |
| Dc Cigna | | -163.15 |
| Basic Life Dc | | -6.94 |
| Opt. A Life Dc | | -0.55 |
| Check | | -2,382.62 |
| | **Net Pay** | |

| Memos | |
|-------|--|
| Dc Retirement | 167.25 |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 10-1 | 03/09/2007 | 03/03/2007 | 000098 | 127DC | 3,345.09 | | 00100332 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 64.00 | 2,676.07 |
| Annual Leave | 41.81 | 8.00 | 334.51 |
| Holiday | 41.81 | 8.00 | 334.51 |
| | | **Gross Pay** | **$3,345.09** |

| Deductions | Statutory | |
|------------|-----------|---|
| | Federal Income Tax | -375.40 |
| | Medicare | -46.14 |
| | Social Security | -197.28 |
| | MD Worked In State Income Tax | -173.00 |
| | **Others** | |
| | Dc Cigna | -163.15 |
| | Basic Life Dc | -6.94 |
| | Opt. A Life Dc | -0.88 |
| | Check | -2,382.30 |
| | **Net Pay** | |
| | **Memos** | |
| | Dc Retirement | 167.25 |

## Earnings Statement

**Dalerie V. Beard**
**2088 Lake Grove**
**Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 12-1 | 03/23/2007 | 03/17/2007 | 000098 | 127DC | 3,345.09 | | 00120333 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 72.00 | 3,010.58 |
| Annual Leave | 41.81 | 8.00 | 334.51 |
| **Gross Pay** | | | **$3,345.09** |

| Deductions | Statutory | |
|------------|-----------|--|
| | Federal Income Tax | -375.40 |
| | Medicare | -46.14 |
| | Social Security | -197.28 |
| | MD Worked In State Income Tax | -173.00 |
| | **Others** | |
| | Dc Cigna | -163.15 |
| | Basic Life Dc | -6.94 |
| | Opt. A Life Dc | -0.88 |
| | Check | -2,382.30 |
| | **Net Pay** | |

| Memos | |
|-------|--|
| Dc Retirement | 167.25 |

# Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A3R | 810 | 14-1 | 04/06/2007 | 03/31/2007 | 000098 | 127DC | 3,345.09 | | 00140332 | Voucher | |

| Earnings | Rate | Hours | This Period |
|---|---|---|---|
| Regular | | 80.00 | 3,345.09 |
| | **Gross Pay** | | **$3,345.09** |

| Deductions | |
|---|---|
| **Statutory** | |
| Federal Income Tax | -375.40 |
| Medicare | -46.14 |
| Social Security | -197.28 |
| MD Worked In State Income Tax | -173.00 |
| **Others** | |
| Dc Cigna | -163.15 |
| Basic Life Dc | -6.94 |
| Opt. A Life Dc | -0.88 |
| Check | -2,382.30 |
| **Net Pay** | |

| Memos | |
|---|---|
| Dc Retirement | 167.25 |

# Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 16-1 | 04/20/2007 | 04/14/2007 | 000098 | 127DC | 3,345.09 | | 00160335 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 80.00 | 3,345.09 |
| | **Gross Pay** | | **$3,345.09** |

| Deductions | | |
|------------|---|---|
| **Statutory** | | |
| Federal Income Tax | | -375.40 |
| Medicare | | -46.14 |
| Social Security | | -197.28 |
| MD Worked In State Income Tax | | -173.00 |
| **Others** | | |
| Dc Cigna | | -163.15 |
| Basic Life Dc | | -6.94 |
| Opt. A Life Dc | | -0.88 |
| Check | | -2,382.30 |
| **Net Pay** | | |

| Memos | |
|-------|---|
| Dc Retirement | 167.25 |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove**
**Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 18-1 | 05/04/2007 | 04/28/2007 | 000098 | 127DC | 3,345.09 | | 00180345 | Voucher | |

| Earnings | | | Rate | Hours | This Period |
|----------|--|--|------|-------|-------------|
| Regular | | | | 72.00 | 3,010.58 |
| Holiday | | | 41.81 | 8.00 | 334.51 |
| | | | | **Gross Pay** | **$3,345.09** |

| Deductions | Statutory | |
|------------|-----------|--|
| | Federal Income Tax | -375.40 |
| | Medicare | -46.13 |
| | Social Security | -197.28 |
| | MD Worked In State Income Tax | -173.00 |
| | **Others** | |
| | Dc Cigna | -163.15 |
| | Basic Life Dc | -6.94 |
| | Opt. A Life Dc | -0.88 |
| | Check | -2,382.31 |
| | **Net Pay** | |
| | **Memos** | |
| | Dc Retirement | 167.25 |

## Earnings Statement

**Dalerie V. Beard**
**2088 Lake Grove**
**Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 18-1 | 05/04/2007 | 04/28/2007 | 000098 | 127DC | 3,763.22 | 2,739.12 | 00126610 | Check | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Overtime | | 60.00 | 3,763.22 |
| | **Gross Pay** | | **$3,763.22** |

| Deductions | Statutory | |
|------------|-----------|--|
| | Federal Income Tax | -520.72 |
| | Medicare | -54.57 |
| | Social Security | -233.32 |
| | MD Worked In State Income Tax | -215.49 |
| | **Net Pay** | **$2,739.12** |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 20-1 | 05/18/2007 | 05/12/2007 | 000098 | 127DC | 3,345.09 | | 00200347 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 80.00 | 3,345.09 |
| **Gross Pay** | | | **$3,345.09** |

| Deductions | Statutory | |
|------------|-----------|--|
| | Federal Income Tax | -375.40 |
| | Medicare | -46.14 |
| | Social Security | -197.28 |
| | MD Worked In State Income Tax | -173.00 |
| | **Others** | |
| | Dc Cigna | -163.15 |
| | Basic Life Dc | -6.94 |
| | Opt. A Life Dc | -0.88 |
| | Check | -2,382.30 |
| | **Net Pay** | |

| Memos | |
|-------|--|
| Dc Retirement | 167.25 |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|-----------|-----------|-----------|-----------|---------|---------|---------|------|
| A3R | 810 | 22-1 | 06/01/2007 | 05/26/2007 | 000098 | 127DC | 3,345.09 | | 00220349 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 80.00 | 3,345.09 |
| | **Gross Pay** | | **$3,345.09** |

| Deductions | |
|------------|---|
| **Statutory** | |
| Federal Income Tax | -375.40 |
| Medicare | -46.14 |
| Social Security | -197.28 |
| MD Worked In State Income Tax | -173.00 |
| **Others** | |
| Dc Cigna | -163.15 |
| Basic Life Dc | -6.94 |
| Opt. A Life Dc | -0.88 |
| Check | -2,382.30 |
| **Net Pay** | |

| Memos | |
|-------|---|
| Dc Retirement | 167.25 |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|-----------|-----------|-----------|-----------|---------|---------|---------|------|
| A3R | 810 | 24-1 | 06/15/2007 | 06/09/2007 | 000098 | 127DC | 3,345.09 | | 00240351 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 64.00 | 2,676.07 |
| Holiday | 41.81 | 8.00 | 334.51 |
| Sick Leave | 41.81 | 8.00 | 334.51 |
| | | **Gross Pay** | **$3,345.09** |

| Deductions | Statutory | |
|------------|-----------|--|
| | Federal Income Tax | -375.40 |
| | Medicare | -46.13 |
| | Social Security | -197.28 |
| | MD Worked In State Income Tax | -173.00 |
| | **Others** | |
| | Dc Cigna | -163.15 |
| | Basic Life Dc | -6.94 |
| | Opt. A Life Dc | -0.88 |
| | Check | -2,382.31 |
| | **Net Pay** | |

| Memos | |
|-------|--|
| Dc Retirement | 167.25 |

# Earnings Statement

**Dalerie V. Beard**
**2088 Lake Grove**
**Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 26-1 | 06/29/2007 | 06/23/2007 | 000098 | 127DC | 3,345.09 | | 00260342 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 80.00 | 3,345.09 |
| | **Gross Pay** | | **$3,345.09** |

| Deductions | Statutory | |
|------------|-----------|---|
| | Federal Income Tax | -375.40 |
| | Medicare | -46.14 |
| | Social Security | -197.28 |
| | MD Worked In State Income Tax | -173.00 |
| | **Others** | |
| | Dc Cigna | -163.15 |
| | Basic Life Dc | -6.94 |
| | Opt. A Life Dc | -0.88 |
| | Check | -2,382.30 |
| | **Net Pay** | |

| Memos | |
|-------|---|
| Dc Retirement | 167.25 |

## Earnings Statement

Dalerie V. Beard

2088 Lake Grove
Lane
Crofton, MD 21114

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # Chk/Vcr | Void |
|----|--------|----|----------|------------|-----------|------------|-----------|---------|-----------------|------|
| A3R | 810 | 28-1 | 07/13/2007 | 07/07/2007 | 000098 | 127DC | 3,345.09 | | 00280341 Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 72.00 | 3,010.58 |
| Holiday | 41.81 | 8.00 | 334.51 |
| | **Gross Pay** | | **$3,345.09** |

| Deductions | Statutory | |
|------------|-----------|--|
| | Federal Income Tax | -375.40 |
| | Medicare | -46.14 |
| | Social Security | -197.28 |
| | MD Worked In State Income Tax | -173.00 |
| | **Others** | |
| | Dc Cigna | -163.15 |
| | Basic Life Dc | -6.94 |
| | Opt. A Life Dc | -0.88 |
| | Check | -2,382.30 |
| | **Net Pay** | |

| Memos | |
|-------|--|
| Dc Retirement | 167.25 |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 30-1 | 07/27/2007 | 07/21/2007 | 000098 | 127DC | 3,345.09 | | 00300346 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 80.00 | 3,345.09 |
| | **Gross Pay** | | **$3,345.09** |

| Deductions | Statutory | |
|------------|-----------|---|
| | Federal Income Tax | -375.40 |
| | Medicare | -46.14 |
| | Social Security | -197.28 |
| | MD Worked In State Income Tax | -173.00 |
| | **Others** | |
| | Dc Cigna | -163.15 |
| | Basic Life Dc | -6.94 |
| | Opt. A Life Dc | -0.88 |
| | Check | -2,382.30 |
| | **Net Pay** | |

| Memos | |
|-------|---|
| Dc Retirement | 167.25 |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 32-1 | 08/10/2007 | 08/04/2007 | 000098 | 127DC | 3,345.09 | | 00320345 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 80.00 | 3,345.09 |
| | **Gross Pay** | | **$3,345.09** |

| Deductions | | |
|------------|---|---|
| **Statutory** | | |
| Federal Income Tax | | -375.40 |
| Medicare | | -46.14 |
| Social Security | | -197.28 |
| MD Worked In State Income Tax | | -173.00 |
| **Others** | | |
| Dc Cigna | | -163.15 |
| Basic Life Dc | | -6.94 |
| Opt. A Life Dc | | -0.88 |
| Check | | -2,382.30 |
| | **Net Pay** | |

| Memos | |
|-------|---|
| Dc Retirement | 167.25 |

# Earnings Statement

**Dalerie V. Beard**
**2088 Lake Grove**
**Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|------|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 34-1 | 08/24/2007 | 08/18/2007 | 000098 | 127DC | 3,345.09 | | 00340349 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 80.00 | 3,345.09 |
| | **Gross Pay** | | **$3,345.09** |

| Deductions | | |
|------------|---|---|
| **Statutory** | | |
| Federal Income Tax | | -375.40 |
| Medicare | | -46.13 |
| Social Security | | -197.28 |
| MD Worked In State Income Tax | | -173.00 |
| **Others** | | |
| Dc Cigna | | -163.15 |
| Basic Life Dc | | -6.94 |
| Opt. A Life Dc | | -0.88 |
| Check | | -2,382.31 |
| | **Net Pay** | |

| Memos | |
|-------|---|
| Dc Retirement | 167.25 |

## Earnings Statement

**Dalerie V. Beard**
**2088 Lake Grove Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 36-1 | 09/07/2007 | 09/01/2007 | 000098 | 127DC | 3,345.09 | | 00360342 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 80.00 | 3,345.09 |
| | **Gross Pay** | | **$3,345.09** |

| Deductions | | |
|------------|---|---|
| **Statutory** | | |
| Federal Income Tax | | -375.40 |
| Medicare | | -46.14 |
| Social Security | | -197.28 |
| MD Worked In State Income Tax | | -173.00 |
| **Others** | | |
| Dc Cigna | | -163.15 |
| Basic Life Dc | | -6.94 |
| Opt. A Life Dc | | -0.88 |
| Check | | -2,382.30 |
| | **Net Pay** | |

| Memos | |
|-------|---|
| Dc Retirement | 167.25 |

## Earnings Statement

**Dalerie V. Beard**
**2088 Lake Grove**
**Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|-----------------|------|
| A3R | 810 | 38-1 | 09/21/2007 | 09/15/2007 | 000098 | 127DC | 3,345.09 | | 00380339 Voucher | |

| Earnings | | | | Rate | Hours | This Period |
|----------|--|--|--|------|-------|-------------|
| Regular | | | | | 72.00 | 3,010.58 |
| Holiday | | | | 41.81 | 8.00 | 334.51 |
| | | | | | **Gross Pay** | **$3,345.09** |

| Deductions | | |
|------------|--|--|
| **Statutory** | | |
| Federal Income Tax | | -375.40 |
| Medicare | | -46.14 |
| Social Security | | -197.28 |
| MD Worked In State Income Tax | | -173.00 |
| **Others** | | |
| Dc Cigna | | -163.15 |
| Basic Life Dc | | -6.94 |
| Opt. A Life Dc | | -0.88 |
| Check | | -2,382.30 |
| | **Net Pay** | |

| Memos | |
|-------|--|
| Dc Retirement | 167.25 |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 40-1 | 10/05/2007 | 09/29/2007 | 000098 | 127DC | 3,345.09 | | 00400345 | Voucher | |

| Earnings | | | | Rate | Hours | This Period |
|----------|--|--|--|------|-------|-------------|
| Regular | | | | | 80.00 | 3,345.09 |

| | Gross Pay | $3,345.09 |
|--|-----------|-----------|

| Deductions | Statutory | |
|------------|-----------|--|
| | Federal Income Tax | -375.40 |
| | Medicare | -46.14 |
| | Social Security | -197.28 |
| | MD Worked In State Income Tax | -173.00 |

| | Others | |
|--|--------|--|
| | Dc Cigna | -163.15 |
| | Basic Life Dc | -6.94 |
| | Opt. A Life Dc | -0.88 |
| | Check | -2,382.30 |

| | Net Pay | |
|--|---------|--|

| | Memos | |
|--|-------|--|
| | Dc Retirement | 167.25 |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 42-1 | 10/19/2007 | 10/13/2007 | 000098 | 127DC | 3,345.09 | | 00420343 | Voucher | |

| Earnings | Rate | Hours | This Period |
|----------|------|-------|-------------|
| Regular | | 72.00 | 3,010.58 |
| Holiday | 41.81 | 8.00 | 334.51 |
| | **Gross Pay** | | **$3,345.09** |

| Deductions | | |
|------------|---|---|
| **Statutory** | | |
| Federal Income Tax | | -375.40 |
| Medicare | | -46.14 |
| Social Security | | -197.28 |
| MD Worked In State Income Tax | | -173.00 |
| **Others** | | |
| Dc Cigna | | -163.15 |
| Basic Life Dc | | -6.94 |
| Opt. A Life Dc | | -0.88 |
| Check | | -2,382.30 |
| | **Net Pay** | |

| Memos | |
|-------|---|
| Dc Retirement | 167.25 |

## Earnings Statement
**Dalerie V. Beard**
**2088 Lake Grove**
**Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 44-1 | 11/02/2007 | 10/27/2007 | 000098 | 127DC | 3,345.09 | | 00440337 | Voucher | |

| | | | | |
|---|---|---|---|---|
| Sick Leave | | 41.81 | 80.00 | 3,345.09 |
| | | | **Gross Pay** | **$3,345.09** |

| Deductions | | |
|---|---|---|
| **Statutory** | | |
| Federal Income Tax | | -375.40 |
| Medicare | | -46.14 |
| Social Security | | -197.28 |
| MD Worked In State Income Tax | | -173.00 |
| **Others** | | |
| Dc Cigna | | -163.15 |
| Basic Life Dc | | -6.94 |
| Opt. A Life Dc | | -0.88 |
| Check | | -2,382.30 |
| | **Net Pay** | |

| **Memos** | |
|---|---|
| Dc Retirement | 167.25 |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 46-1 | 11/16/2007 | 11/10/2007 | 000098 | 127DC | 3,345.09 | | 00460338 | Voucher | |

| Admin Leave | | | | 41.81 | 80.00 | 3,345.09 | |
|---|---|---|---|---|---|---|---|

| | Gross Pay | $3,345.09 |
|---|---|---|

| **Deductions** | **Statutory** | |
|---|---|---|
| | Federal Income Tax | -375.40 |
| | Medicare | -46.13 |
| | Social Security | -197.28 |
| | MD Worked In State Income Tax | -173.00 |
| | **Others** | |
| | Dc Cigna | -163.15 |
| | Basic Life Dc | -6.94 |
| | Opt. A Life Dc | -0.88 |
| | Check | -2,382.31 |

| | Net Pay | |
|---|---|---|

| **Memos** | |
|---|---|
| Dc Retirement | 167.25 |



**EXHIBIT**
E

# Earnings Statement

**Dalerie V. Beard**
**2088 Lake Grove**
**Lane**
**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|-----------|-----------|-----------|-----------|---------|---------|---------|------|
| A3R | 810 | 48-1 | 11/30/2007 | 11/24/2007 | 000098 | 127DC | 1,672.55 | | 00480342 | Voucher | |

| | | | | |
|---|---|---|---|---|
| Holiday | | 41.81 | 8.00 | 334.51 |
| Admin Leave | | 41.81 | 32.00 | 1,338.04 |
| | | **Gross Pay** | | **$1,672.55** |

| **Deductions** | **Statutory** | |
|---|---|---|
| | Federal Income Tax | -39.85 |
| | Medicare | -21.89 |
| | Social Security | -93.58 |
| | MD Worked In State Income Tax | -50.74 |
| | **Others** | |
| | Dc Cigna | -163.15 |
| | Basic Life Dc | -6.94 |
| | Opt. A Life Dc | -0.88 |
| | Check | -1,295.52 |
| | **Net Pay** | |

| **Memos** | |
|---|---|
| Dc Retirement | 167.25 |

## Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 49-1 | 12/07/2007 | 12/07/2007 | 000098 | 127DC | 417.97 | 385.99 | 00129876 | Check | |
| Retro | | | | | | | 0.00 | 417.97 | | | |
| | | | | | | **Gross Pay** | | **$417.97** | | | |

| Deductions | | | Statutory | | |
|------------|--|--|-----------|--|--|
| | | | Medicare | | -6.06 |
| | | | Social Security | | -25.92 |
| | | | **Net Pay** | | **$385.99** |

# Earnings Statement

**Dalerie V. Beard**

**2088 Lake Grove Lane**

**Crofton, MD 21114**

| Co | File # | Wk | Pay Date | Period End | Paid Dept | Paid Clock | Gross Pay | Net Pay | Check # | Chk/Vcr | Void |
|----|--------|-----|----------|------------|-----------|------------|-----------|---------|---------|---------|------|
| A3R | 810 | 50-1 | 12/14/2007 | 12/08/2007 | 000098 | 127DC | 3,691.86 | 2,696.28 | 00008248 | Check | Yes |

| Annual Leave | | | | 43.31 | | 85.25 | | 3,691.86 | | | |
|--------------|--|--|--|-------|--|-------|--|-----------|--|--|--|

| | Gross Pay | $3,691.86 |
|--|-----------|-----------|

| **Deductions** | **Statutory** | |
|----------------|---------------|---|
| | Federal Income Tax | -502.88 |
| | Medicare | -53.53 |
| | Social Security | -228.89 |
| | MD Worked In State Income Tax | -210.28 |

| | Net Pay | $2,696.28 |
|--|---------|-----------|

| **Memos** | |
|-----------|---|
| Dc Retirement | 173.23 |



EXHIBIT

F

tabbies®

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DALERIE V. BEARD**<br>**2088 Lake Grove Lane**<br>**Crofton, MD 21114,**<br><br>**Individually, and on behalf of all others**<br>**similarly situated,**<br><br>             **Plaintiff**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA**<br>**HOUSING AUTHORITY**<br>**1133 N. Capitol St., N.E.,**<br>**Washington, D.C. 20002**<br><br>           **Defendant** | **Civil Action No. 1:08-cv-00202**<br>**Hon. Richard W. Roberts** |

## AFFIDAVIT OF HORACE CARRINGTON

I, Horace Carrington, am over the age of eighteen years and competent to testify to the facts stated herein. I hereby declare and state the following:

1. I have been employed as Director of Housing Management with the District of Columbia Housing Authority ("DCHA") since 06/17/1997

2. In August, 2007, I was assigned to work with the Recertification Branch of the Housing Choice Voucher Program ("HCVP") in order to process participant recertification for 2006 and 2007.

3. In the course of this assignment, I worked very closely with and acted as a *de facto* supervisor of Ms. Dalerie Beard, one of two Supervisory Housing Program Specialists within the Recertification Branch of the HCVP.

4. In the course of this assignment, I personally observed and was aware of Ms. Beard's work, duties, and assignments.

Civil Action No. 1:08-cv-00202
Hon. RWR

5.     In her role as a Supervisory Housing Program Specialists within the Recertification Branch of the HCVP, Ms. Beard supervised a team of approximately one half of the Recertification Specialists (i.e., those persons responsible for processing the recertification applications submitted on an annual basis by HCVP participants).

6.     Ms. Beard was responsible for reviewing and verifying all staff time and attendance records and approving requests for leave and overtime.

7.     Ms. Beard was responsible for reviewing and approving subsidy payments made to HCVP landlords and utility payments made to HCVP participants were accurate; if such payments were not accurate, Ms. Beard had the discretion to make adjustments to such payments up to $10,000 without the need to seek approval from a supervisor.

8.     In her role as a Supervisory Housing Program Specialists within the Recertification Branch of the HCVP, Ms. Beard not only evaluated the performance of those employees she supervised and recommended them for promotions and terminations, but Ms. Beard also decided and carried out disciplinary measures with respect to those employees.

9.     Ms. Beard was also responsible for scheduling Recertification Specialist coverage for appointments one day a week each with HCVP participants and HCVP landlords.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

_____
Horace Carrington

_____
Date

2



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**DALERIE V. BEARD**                       )
**2088 Lake Grove Lane**                   )
**Crofton, MD 21114,**                     )
                                           )
**Individually, and on behalf of all others**  )
**similarly situated,**                    )
                                           )
      **Plaintiff**               )    **Civil Action No. 1:08-cv-00202**
                                           )    **Hon. Richard W. Roberts**
**v.**                                     )
                                           )
                                           )
**DISTRICT OF COLUMBIA**                   )
**HOUSING AUTHORITY**                      )
**1133 N. Capitol St., N.E.,**             )
**Washington, D.C. 20002**                 )
                                           )
                                           )
      **Defendant**               )
_____ )

## AFFIDAVIT OF VELMA NAVARRO

      I, Velma Navarro, am over the age of eighteen years and competent to testify to the facts stated herein. I hereby declare and state the following:

1.    I have been employed as Deputy Director, Housing Choice Voucher Program ("HCVP") with the District of Columbia Housing Authority ("DCHA") since November 20, 2006.

2.    As the Deputy Director of the HCVP, I acted as a supervisor of Ms. Dalerie Beard, one of two Supervisory Housing Program Specialists within the Recertification Branch of the HCVP.

4.    I personally observed and was aware of Ms. Beard's work, duties, and assignments.

5.    In her role as a Supervisory Housing Program Specialist within the Recertification Branch of the HCVP, Ms. Beard supervised a team of Nine (9) Recertification Specialists (i.e., those persons responsible for processing the recertification applications submitted on an annual basis by HCVP participants) and a clerical employee.

Ms.

6.   In her supervision of these employees, Ms. Beard was responsible for assigning all work assignments to her team.

7.   Further, when necessary due to the absence of the other Supervisory Housing Program Specialist within the HCVP unit, Ms. Beard supervised and assigned work to an additional seven (7) Recertification Specialists and an additional clerical employee.

8.   Ms. Beard was responsible for the selection, hiring, and evaluation of the employees that she supervised.

9.   Ms. Beard was responsible for the promotion and discipline of the employees that she supervised; she did not require supervisory approval for such actions with the exception of a termination from employment which requires the approval of the Executive Director and was responsible for ensuring that the appropriate documentation was submitted to the Human Resources Department.

10.  Ms. Beard was responsible for the training and orientation of all Recertification Specialists joining the Recertification Branch of the HCVP.

11.  As part of her role as a Supervisory Housing Program Specialist, Ms. Beard attended weekly Key Staff meetings organized by the Director of the HCVP and attended by supervisory staff at which at which she took part in discussing department management, establishing department procedures and protocols, and making department policy decisions.

12.  Ms. Beard developed procedures and tracking mechanisms used and followed by the Recertification Department with respect to: 1) scheduling recertification appointments with HCVP participants; 2) tracking HCVP attendance at such appointments; 3) sending notices to HCVP participants for failure to attend scheduled appointments; and 4) recommending HCVP participant termination form the HCVP for failure to attend such appointments.

13.  Ms. Beard was entrusted with the authority to settle grievances filed with DCHA's Office of Fair Hearings up to $10,000 without approval of a superior.

14.  In her role as a Supervisory Housing Program Specialist, Ms. Beard developed monthly reports for the HCVP Director's review.

15. In her role as a Supervisory Housing Program Specialist, Ms. Beard created data queries to assess and made appropriate assignments to her subordinates.

16. In her role as a Supervisory Housing Program Specialist, Ms. Beard generated information from reports to develop grant proposals and requested funding from HUD for the HCVP.

17. In her role as a Supervisory Housing Program Specialist, Ms. Beard reviewed, researched, and approved adjustments for prorated and initial payments for owners in the HCVP

18. In her role as a Supervisory Housing Program Specialist, Ms. Beard submitted figures prepared for the HUD report to DCHA's Finance Department for continued program funding.

19. In her role as a Supervisory Housing Program Specialist, Ms. Beard prepared and managed the Recertification Department budget and analyzed and reported data in preparation of the HCVP Operational Budget.

20. In her role as a Supervisory Housing Program Specialist, Ms. Beard assisted in developing marketing strategies and materials and in coordinating landlord outreach initiatives, as well as composed articles for DCHA's newsletter and website.

21. In her role as a Supervisory Housing Program Specialist, Ms. Beard assisted in training and educating current and prospective landlords about programs administered by HCVP.

22. In her role as a Supervisory Housing Program Specialist, Ms. Beard gathered comparability data to conduct contract rent assessment for tenancy approval.

23. In her role as a Supervisory Housing Program Specialist, Ms. Beard supervised the ongoing eligibility determination processing of applicants in HCVP by coordinating with families and owners by obtaining documentation to determine eligibility.

24. In her role as a Supervisory Housing Program Specialist, Ms. Beard provided and ensured comprehensive on-the-job training, as well as applicable training outside of the department or developmental program and back-up skills by cross-training subordinates to enhance their professional growth and development.

25. Ms. Beard was responsible for reviewing and verifying all staff time and attendance records and approving requests for leave and overtime.

26. Ms. Beard was responsible for reviewing and approving subsidy payments made to HCVP landlords and utility payments made to HCVP participants were accurate; if such payments were not accurate, Ms. Beard had the discretion to make adjustments to such payments up to $10,000 without the need to seek approval from a supervisor.

27. In her role as a Supervisory Housing Program Specialists within the Recertification Branch of the HCVP, Ms. Beard not only evaluated the performance of those employees she supervised and recommended them for promotions and terminations, but Ms. Beard also decided and carried out disciplinary measures with respect to those employees.

28. Ms. Beard was also responsible for scheduling Recertification Specialist coverage for appointments one day a week each with HCVP participants and HCVP landlords.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

_____          _____March 4, 2008_____
Velma Navarro                                                  Date

4

**EXHIBIT**

This is in response to your letter of March 29, 1995, requesting an opinion concerning whether a salaried exempt employee can be paid additional compensation for services rendered in excess of 40 hours in a workweek.

In reference to your letter of February 9, 1995, it is our understanding that you asked whether any opinions had been rendered, and did not specifically request a _new_ response to your question.  Nevertheless, as discussed in section 541.118(b) of Regulations, Part 541 (copy enclosed), additional compensation besides the required minimum weekly salary guarantee may be paid to exempt employees for hours worked beyond their standard workweek without affecting the salary basis of pay.  Thus, extra compensation may be paid for overtime to an exempt employee on any basis.  The overtime payment need not be at time and one-half, but may be at straight time, or at one-half time, or flat sum, or on any other basis.

With regard to the above, please note that there has been no change in this agency's position on this subject since prior to the letters (beginning with 1974) that were provided to you.

We trust that the above information is responsive to your inquiry.

Sincerely,


Daniel F. Sweeney
Deputy Assistant Administrator

Enclosure