UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------x
DALERIE V. BEARD, *et al*.          :
                                    :   CIVIL ACTION NO.: RWR-08-0202
          *Plaintiffs*,             :
                                    :
      v.                            :
                                    :
DISTRICT OF COLUMBIA HOUSING        :
AUTHORITY                           :
                                    :
          *Defendant*.              :
---------------------------------------------------------x

### PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE VALIDITY OF A "RELEASE"

Defendant District of Columbia Housing Authority ("Defendant" or "DCHA") originally filed a Motion to Dismiss or in the Alternative for Summary Judgment (Paper No. 2) against Plaintiff Beard in response to the filing of the above-captioned FLSA complaint charging Defendant had failed to pay overtime pay earned by Plaintiff and other similarly situated employees. Defendant's *sole* basis for its Motion was a "release" initially signed by Plaintiff Beard and later cancelled under the precise terms set forth in the "release" provided by Defendant as Paper 2-2. On this issue—the validity, effectiveness and applicability of the "release" with respect to the FLSA unpaid wages, overtime and liquidated damages claims in the instant suit—Plaintiff Beard and similarly situated Plaintiffs[1] therefore filed a Cross Motion for Partial Summary Judgment. (Motion at Paper No. 6 and Memorandum at Paper No. 5).[2]

---

1 Defendants' Response at footnote 1 demonstrates their willful and continuous failure to recognize and follow the dictates of the FLSA, which permits a party to bring a collective action lawsuit on their own behalf and on behalf of other "similarly situated" employees. *See* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.").
2 The facts and issues raised by the Defendant regarding the "release" apply to some of the similarly situated Plaintiffs.

Plaintiffs filed a responsive pleading pointing out that it has been well settled law for over half a century that agreements between private parties supposedly settling FLSA claims are of *no force and effect* without court approval, citing two Supreme Court cases directly on point which have never been modified or reversed and multiple Circuit Court cases uniformly taking the same position. *Not one of these cases was either cited or distinguished by Defendant in either its original Motion or in its Opposition to Plaintiffs' Motion.*[3] Defendant's failure to either discuss or attempt distinguish this controlling precedent constitutes an admission that as a purely legal proposition the so-called "release" is without legal force and effect and therefore totally irrelevant to this proceeding. Plaintiffs are therefore entitled to Partial Summary Judgment on the issue of these so-called "releases".

Defendant did argue in its Opposition a completely new theory that the named Plaintiff Beard was not entitled to overtime under FLSA because she was exempt under the Administrative exemption contained in the Act. In raising this new argument, Defendant properly states that it has the burden of proving facts that would demonstrate that Plaintiff Beard and/or other similarly situated employees are exempt from the requirements of the FLSA. Plaintiffs vigorously deny Defendant's contention and assure the court that as facts are developed by Plaintiffs it will be crystal clear that Plaintiff Beard's work as well as that of her similarly situated colleagues, fall into the non-exempt category as defined by the courts and the regulations. However, since this issue was raised for the first time in its Opposition and is totally outside the issues framed by Defendant's initial pleadings or Plaintiff's responsive pleadings and the Plaintiff's Motion—all of which were directed solely to the legal validity of the so-called "release"—we will not deal with these factual disputes at this time. Plaintiffs will obtain through

---

3 We believe that Defendant's failure to either discuss or distinguish this controlling precedent with which Defendant's counsel must have been familiar due to several well-known previous and successful FLSA cases brought against the District of Columbia may cross the line regarding duties under the Rules of Professional Conduct in failing to inform the Court of the existing state of the law.

discovery and depositions the factual circumstances surrounding the two affidavits submitted—both of which are factually and legally inaccurate—which solely address the exemption issue. Not only are these argument outside the scope of Defendant's own pleadings, they are seriously premature since they are totally dependent upon the existing facts which have not been even partially developed, and in which Defendant has not answered the complaint and no scheduling order yet exists. Finally, it is proper to note that there is no dispute that the question of whether the "release" provided by the Defendant in Paper 2-2 is valid, effective and applicable with regard to FLSA and related claims is entirely a legal issue.

Therefore, Defendant's Motion for Dismissal or Summary Judgment of the action based upon Plaintiff's executed "release" must be denied based upon the settled legal precedent from the U.S. Supreme Court cited previously, which clearly state that such private attempts to settle FLSA claims are, as a matter of settled public policy, without force and effect. Further, based upon this same settled legal precedent never denied or distinguished by Defendant, Plaintiffs are entitled to Partial Summary Judgment dismissing any defenses of release, accord and satisfaction based upon this document inapplicable to the subject FLSA claims.

Respectfully submitted,

CONWELL, LLC


\_\_\_/s/_____
Scott A. Conwell (D.C. Bar No. 468989)

H. Robert Field (D.C. Bar No. 75739)
2138 Priest Bridge Court, Suite No. 4
Crofton, Maryland 21114
TELE: (410) 451-2707
FAX: (410) 451-2706
Email: scott@conwellusa.com

*Attorneys for Plaintiffs*

Dated: March 31, 2008

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this \_31st\_ day of \_March\_, 2008, a true and correct copy of the foregoing Plaintiffs' Reply to Defendant's Opposition to Plaintiff's Cross Motion For Partial Summary Judgment was served via ECF on the following counsel of record:

> Hans Froelicher, IV
> Nicole C. Mason
> Clifford E. Pulliam
> Office of General Counsel
> District of Columbia Housing Authority
> 1133 North Capitol St., N.E., Suite 210
> Washington, DC 20002


\_\_\_/s/_____
Scott A. Conwell