UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
----------------------------------------------------------x
DALERIE V. BEARD, et al.                  :
On behalf of themselves and               :
all others similarly situated             :
                                          :    CIVIL ACTION NO.: RWR-08-0202
          Plaintiffs,                     :
                                          :
               v.                         :
                                          :
DISTRICT OF COLUMBIA HOUSING              :
AUTHORITY                                 :
                                          :
          Defendant.                      :
----------------------------------------------------------x
```

### SUPPLEMENTAL PROVIDING FOURTH CIRCUIT DECISION RE: DEFENDANT'S AND PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON THE VALIDITY OF A "RELEASE"

This Supplement is to provide a recent decision of the U.S. Court of Appeals for the Fourth Circuit and denial of certiorari by the U.S. Supreme Court that directly addresses the issue before this court in the Defendant District of Columbia Housing Authority ("Defendant" or "DCHA")'s Motion to Dismiss or in the Alternative for Summary Judgment (Paper No. 2) and Plaintiffs' Cross Motion for Partial Summary Judgment (Motion at Paper No. 6 and Memorandum at Paper No. 5). Defendant's Motion and Plaintiffs' Cross Motion are to address the issue the validity and enforceability of a "release" with respect to the FLSA unpaid wages, overtime and liquidated damages claims made by Plaintiff Beard on behalf of herself and similarly situated employees.

In *Taylor v. Progress Energy*, 493 F.3d 454 (4th Cir. 2007), *cert denied*, ____ S.Ct. _____, 2008 WL 2404107 (June 16, 2008), the Fourth Circuit followed the plain language of the statute concerning any waiver of a right to make claims under the Family and Medical Leave Act of 1993 ("FMLA") by comparing it to that of the FLSA, finding that:

For example, under the FLSA, a labor standards law, there is a judicial prohibition against the unsupervised waiver or settlement of claims. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-16, 66 S.Ct. 925, 90 L.Ed. 1114 (1946). In the FLSA, Congress, among other things, prescribes a minimum wage to foster the "minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). Any wage settlement that gave the employee less than the statutory minimum would frustrate Congress's objective of imposing uniform minimum pay requirements. *See Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (stating that waivers of FLSA rights and claims would nullify the congressional purpose of imposing nation-wide minimum standards of employment). Moreover, allowing below-minimum pay through settlement discounts would permit an employer to evade the FLSA and gain an unfair competitive advantage. *See Brooklyn Sav. Bank* [*v. O'Neil*], 324 U.S. [697] at 710, 65 S.Ct. 895 [1945].

. . . .

The FMLA, following the FLSA model, provides a "minimum floor of protection" for employees . . . . As with the FLSA, private settlements of FMLA claims undermine Congress's objective of imposing uniform minimum standards. Because the FMLA requirements increase the cost of labor, employers would have an incentive to deny FMLA benefits if they could settle violation claims for less than the cost of complying with the statute. Further, employers settling claims at a discount would gain a competitive advantage over employers complying with the FMLA's minimum standards. *See Taylor I*, 415 F.3d at 375. To avoid these problems, section 220(d) follows the FLSA model and prohibits the waiver of all FMLA rights.

*Id*. at 460.

*Taylor* addresses every issue currently before the Court in the instant case and Plaintiffs accordingly respectfully request a decision and scheduling order.

Respectfully submitted,

CONWELL, LLC


   /s/

Scott A. Conwell (D.C. Bar No. 468989)

H. Robert Field (D.C. Bar No. 75739)
2138 Priest Bridge Court, Suite No. 4
Crofton, Maryland 21114
TELE: (410) 451-2707
FAX: (410) 451-2706
Email: scott@conwellusa.com

*Attorneys for Plaintiffs*

Dated: July 3, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _3rd_ day of _July_, 2008, a true and correct copy of the foregoing Plaintiffs' Supplemental Providing Fourth Circuit Decision Re: Defendant's And Plaintiffs' Motions For Partial Summary Judgment On The Validity Of A "Release" was served via ECF on the following counsel of record:

    Hans Froelicher, IV
    Nicole C. Mason
    Clifford E. Pulliam
    Office of General Counsel
    District of Columbia Housing Authority
    1133 North Capitol St., N.E., Suite 210
    Washington, DC 20002


      /s/

      Scott A. Conwell