**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
DALERIE V. BEARD               )
                               )
     Plaintiff,                )
                               )
     v.                        )   Civil Action No. 08-202 (RWR)
                               )
DISTRICT OF COLUMBIA           )
HOUSING AUTHORITY,             )
                               )
     Defendant.                )
_____)
```

## MEMORANDUM OPINION AND ORDER

Plaintiff Dalerie Beard brings this action against her previous employer, defendant District of Columbia Housing Authority ("DCHA"), for unpaid wages, overtime wages and benefits payments purportedly due to her under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA" or "the Act").  DCHA moves to dismiss or for summary judgment, arguing that Beard's claims are barred by a prior accord and satisfaction.  Beard opposes, asserting that the doctrine of accord and satisfaction does not apply to claims for unpaid wages, overtime, or other liquidated damages under the FLSA.  Because an accord and satisfaction cannot extinguish claims for unpaid wages, overtime, or liquidated damages under the FLSA, and because a genuine issue of material fact exists as to whether Beard was exempt from the requirements of the FLSA by virtue of being employed in a bona

-2-

fide administrative capacity, DCHA's motion for summary judgment will be denied.[1]

## BACKGROUND

Beard, a Maryland resident, was employed by the DCHA approximately from December 27, 2005, until November 11, 2007, as a Supervisory Housing Program Specialist, earning roughly $86,972 per year.  (Compl. ¶¶ 6-7.)  She alleges that from December 2005 through November 2007, DCHA willfully violated the overtime provisions of the FLSA by failing to pay her one and one-half her regular hourly rate for hours worked in excess of forty hours per work week.  (Compl. ¶¶ 21-35.)

At the end of her term of employment, Beard signed a document titled "General Release and Severance Agreement" ("Release") in return for $7,247.67, which contained a waiver and release clause stating:

> In consideration of the promises and covenants by DCHA set forth herein, Beard agrees that she will and does forever and irrevocably release and discharge DCHA . . . from any and all grievances, claims, demands, debts, defenses actions or causes of action,

---

[1] Beard also has filed a cross-motion seeking a partial judgment that the releases signed by her and other employees of the DCHA cannot release FLSA claims by her and other similarly situated employees who could join this action.  However, "Rule 56 does not contemplate a motion for partial summary judgment of the sort [Beard] has filed[,]" and judgment "may not be entered as to a fact or an element of a claim."  LaPrade v. Abramson, Civil Action No. 97-10 (RWR), 2006 WL 3469532, at *8 (D.D.C. November 29, 2006).  Therefore, Beard's cross-motion will be denied.

-3-

> obligations, damages, and liabilities whatsoever, whether they be at law, in equity, or mixed, in any way arising out of or relating to Beard's employment with, and separation from, DCHA and covenants not to make or file any lawsuits, complaints, or other proceedings of any kind in any court, on behalf of himself [sic] or any other person, against Releasees. Beard expressly acknowledges that DCHA has discharged all obligations due her.
>
> . . .
>
> The parties further recognize, acknowledge, and agree that this Agreement may be revoked by Beard within seven (7) days of her signing this Agreement. Any such revocation must be in writing and delivered by hand to Hans Froelicher, in his capacity as acting General Counsel for DCHA.

(Def.'s Mot. to Dismiss ("Def.'s Mot."), Ex. 1 at 2-3.) On December 5, 2007, Beard received and cashed a check from DCHA for $4,351.51, which constituted the agreed-upon settlement payment less the required deductions for state and federal income tax withholding. (Def.'s Mot. Ex. 2.) While the parties dispute whether Beard revoked the release, the parties agree that Beard kept the proceeds from the check. (Pl.'s Reply at 4-5.)

DCHA moves to dismiss or alternatively for summary judgment under Federal Rules of Civil Procedure 12(b)(6) and 56, solely on the theory that Beard's claims were barred by a prior accord and satisfaction. Beard opposes DCHA's motion, and cross-moves for partial summary judgment. DCHA opposes that motion, arguing that

-4-

Beard was an administrative employee, and therefore was not entitled to the protections of the FLSA.

## DISCUSSION

A party may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss a complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(d). Because DCHA attached the release that forms the basis for its claim of accord and satisfaction to its motion to dismiss, matters beyond the pleadings will be considered, and DCHA's motion will be treated as one for summary judgment. See Wiley v. Glassman, 511 F.3d 151, 160 (D.C. Cir. 2008); Mulhall v. Dist. of Columbia, 747 F. Supp. 15, 19 (D.D.C. 1990).

Summary judgment may be granted only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Galvin v. Eli Lilly & Co., 488 F.3d 1026, 1037 (D.C. Cir. 2007). A fact is material if it is capable of affecting the outcome of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

-5-

(1986). A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," as opposed to evidence that "is so one-sided that one party must prevail as a matter of law." Id. at 251-52. The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Arrington v. U.S., 473 F.3d 329, 337 (D.C. Cir. 2006). In considering whether there is a genuine issue of material fact, a court must draw all reasonable inferences in favor of the non-moving party. Anderson, 477 U.S. at 255; see also Wilson v. CARCO Group, Inc., 518 F.3d 40, 41 (D.C. Cir. 2008).

I.  ACCORD AND SATISFACTION

The maximum-hours provision of the FLSA requires employers to pay any employee who is covered by the Act "not less than one and one-half times the regular rate at which [she] is employed" for all hours worked in excess of forty in a week. 29 U.S.C. § 207(a)(1). All hours of employment count for purposes of overtime calculation, so long as the "employer knows or has reason to believe that [the employee] is continuing to work." 29 C.F.R. § 785.11. An employer who violates the Act "shall be liable to the employee or employees affected in the amount of [the employee's] unpaid overtime compensation, and in an

-6-

additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

DCHA argues that Beard's claims for unpaid benefits, unpaid wages, unpaid overtime wages and liquidated damages under the FLSA are barred by an accord and satisfaction, because Beard accepted $4,351.51 under the terms of the release Beard signed.[2] Accord and satisfaction is a "method of discharging and terminating an existing right and constitutes a perfect defense in an action for enforcement of the previous claim." Johnson v. Mercedes Benz, USA LLC, 182 F. Supp. 2d 58, 65 (D.D.C. 2002) (quoting Pierola v. Moschonas, 687 A.2d 942, 947 (D.C. 1997)). "An accord is a contract between two parties for the settlement of an existing claim," and satisfaction refers to "the execution or performance of the settlement agreement." Valcon II, Inc. v. United States, 26 Cl. Ct. 393, 396 (1992); see also Consolidated Indus. v. United States, 195 F.3d 1341, 1344 (Fed. Cir. 1999). An accord and satisfaction occurs when "'some performance different from that which was claimed as due is rendered and such substituted performance is accepted by the claimant as full

---

[2] Section 216 of the FLSA allows an employee to waive her FLSA rights through two specific methods: 1) section 216(b)(5) allows for a judicially approved stipulated judgment where the employee files suit directly against the employer; and 2) section 216(c)(6) permits waiver when the Secretary of Labor supervises the payment in full of a settlement reached between the employee and the employer. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1353 (11th Cir. 1982). DCHA does not argue that either of these exceptions is applicable here.

satisfaction of his claim.'"  O'Connor v. United States, 308 F.3d 1233, 1240 (Fed. Cir. 2002) (quoting Case, Inc. v. United States, 88 F.3d 1004, 1011 n.7 (Fed. Cir. 1996)).  A valid accord and satisfaction contains the following elements: (1) proper subject matter; (2) competent parties; (3) consideration; and (4) a meeting of the minds of the parties.  Id.

Here, an otherwise valid accord and satisfaction cannot be a defense to the FLSA claim.  The FLSA "is designed to prevent consenting adults from transacting about minimum wages and overtime pay[,]" thus discouraging employers and employees from resolving their disputes themselves by compromising the underlying duties imposed by the statute.  See Walton v. United Consumers Club, Inc., 786 F.2d 303, 306 (7th Cir. 1986)."  It is a long-held view that FLSA rights cannot be abridged or otherwise waived by contract because such private settlements would allow parties to circumvent the purposes of the statute by agreeing on sub-minimum wages.³  See Schulte Co. v. Gangi, 328 U.S. 108, 116

---

³ O'Connor is not to the contrary.  In O'Connor, the U.S. Court of Appeals for the Federal Circuit held that a global settlement agreement between unionized federal employees and a federal agency constituted a valid accord and satisfaction of the plaintiffs' FLSA claims.  O'Connor, 308 F.3d at 1237.  However, the facts present in O'Connor are distinguishable from those here.  O'Connor involved a settlement agreement that was negotiated on behalf of federal employees represented by a union in an administrative grievance process that was mandated by the Civil Service Reform Act, comprehensive legislation itself designed to rectify the unequal bargaining power between federal employers and employees.  Id. at 1241, 1243-44.  Here, by contrast, Beard was not employed by a federal agency; the DCHA

(1946) ("We think the purpose of the Act . . . leads to the conclusion that neither wages nor the damages for withholding them are capable of reduction by compromise of controversies over coverage."); Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981) ("we have held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate"); Taylor v. Progress Energy, Inc., 493 F.3d 454, 460 (4th Cir. 2007) ("under the FLSA, a labor standards law, there is a judicial prohibition against the unsupervised waiver or settlement of claims"); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) ("to approve an 'agreement' between an employer and employees outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA.").[4]

---

has not presented any evidence that Beard was a member of a union that was negotiating for its members; and there is no evidence that the release signed by Beard was made in an administrative grievance or other process mandated by comprehensive worker protection legislation.

[4] While one district court has held that there is a "trend" away from finding FLSA claims non-waivable, Martinez v. Bohls Bearing Equip. Co., 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005), that court appears to have "relied on cases decided under the Age Discrimination in Employment Act of 1967 ('ADEA'), 29 U.S.C. § 621 et seq.," and ignored "the clear expression of congressional intent implicit in congress' decision to amend the ADEA to allow for the release of ADEA claims when certain strict requirements are met, without any change to the non-waivability

-9-

In Schulte, an employer disputed that the statute covered its employees because their work lacked a nexus to direct interstate commerce.  However, under the threat of a lawsuit, the employer entered into a settlement agreement with its employees that incorporated payment for overtime but not liquidated damages under 29 U.S.C. § 216(b).  The employees later sued their employer to obtain liquidated damages.  The employer argued that its obligations under the FLSA were discharged by the private agreement and payment, and the trial court agreed that the plaintiffs' claims were barred by a valid accord and satisfaction.  The court of appeals reversed, and the Supreme Court affirmed, concluding that because of the disparate bargaining power of employers and employees, neither unpaid wages nor the liquidated damages imposed by the FLSA can be compromised away by private agreement.  Schulte, 328 U.S. at 116.

Moreover, in its opposition to Beard's cross-motion for partial summary judgment, DCHA argues that Beard was an administrative employee, and therefore exempt from the overtime requirements of the FLSA.  Beard replies that her work fell into the non-exempt category and that discovery will bear her out.  This is a material factual issue about which there is a genuine

---

of FLSA claims."  Yue Zhou v. Wang's Rest., No. 05-0279, 2007 WL 2298046, at *1 n.1 (N.D. Cal. Aug. 8, 2007).

dispute.  This dispute likewise precludes entry of summary judgment.

## CONCLUSION

Because an accord and satisfaction may not extinguish claims arising under the FLSA, and a dispute exists as to whether Beard's work was covered by the statute, DCHA's motion for summary judgment will be denied.  Because partial summary judgment is not available to Beard, her motion will be denied.  Accordingly, it is hereby

ORDERED that DCHA's motion for summary judgment [2] and Beard's motion for partial summary judgment [6] be, and hereby are, DENIED.

SIGNED this 4th day of November, 2008.

                                               /s/
                                    RICHARD W. ROBERTS
                                    United States District Judge